# EXHIBIT A

# TO DELL'S MOTION

1  BRIAN R. STRANGE (SBN 103252)
   GRETCHEN CARPENTER (SBN 180525)
2  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
3  Los Angeles, CA 90025
   Telephone:    310-207-5055
4  Fax:          310-826-3210

5  RANDALL S. ROTHSCHILD (SBN 101301)
   12100 Wilshire Blvd., Suite 1600
6  Los Angeles, CA 90025
   Telephone:    310-207-8530
7  Fax:          310-207-3230

8  BRIAN MOMSEN  (SBN 154235)
   CARTER, OGLESBY MOMSEN & BACIK
9  169 Mason Street, Suite 300
   P.O. Box 720
10 Ukiah, CA 95482
   Telephone:    707-462-6694
11 Fax:          707-462-7839

12 Attorneys for Plaintiff Pamela Alvarez

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                      COUNTY OF MENDOCINO

15 | PAMELA F. ALVAREZ, on behalf of herself | Unlimited.
16 | and all others similarly situated,
                                            | Case No. **SCUK CVG 0492921**
17 |        Plaintiff,
                                            | **(Class Action)**
18 |        vs.
                                            | **FIRST AMENDED COMPLAINT**
19 | DELL INC., a corporation; BANCTEC, INC., | **FOR DAMAGES AND**
   | a corporation; QUALXSERV LLC; DELL     | **EQUITABLE RELIEF**
20 | CATALOG SALES, L.P., an entity; DELL
   | PRODUCTS, L.P., an entity; and Does 1  | **AFFIDAVIT OF PAMELA F.**
21 | Through 100,                           | **ALVAREZ**
22 |        Defendants.
                                            | Action Filed:  July 29, 2004
23                                          | Trial Date:    Not set

24

25

26 **RECEIVED**

27   AUG 2 4 2006

28 Paul, Hastings, Janofsky & Walker

                                1

1    Plaintiff Pamela Alvarez, on behalf of herself and all other similarly situated persons in

2  the State of California, alleges on information and belief:

3                              NATURE OF THE CASE

4         1.     This is a class action brought by Plaintiff Pamela Alvarez on behalf of herself and

5  all other persons in the State of California who have purchased desktop or notebook computer

6  systems manufactured by Dell Inc., and who also received warranties, including extended

7  warranties, from Defendants.  This case involves small amounts of individual damages,[1] where

8  defendants -- who had superior bargaining power over plaintiff and plaintiff class members --

9  have carried out a scheme designed to deliberately cheat large numbers of consumers out of

10  individually small sums of money.

11        2.     The basic allegations in this case involve the breach of Defendants' written

12  warranty and contractual obligations (based on their consumer contracts of adhesion) as follows:

13  (1) Defendants did not provide "next business day at-home" warranty repair service with a live

14  technician to repair or replace defective computer systems under warranty even though they

15  promised to do so; (2) Defendants did not provide "next business day" warranty replacement

16  parts even though they promised to do so; (3) Defendants did not provide onsite warranty service

17  to fix computer problems unless a replacement part was needed even though they promised to do

18  so; (4) Dell Inc. did not provide warranty repair or replacement part service one business day

19  after it received a broken notebook computer system by mail even though it promised to do so;

20  (5) Defendants did not provide top quality, new replacement parts and components to fulfill their

21  warranty obligations as promised but instead used recycled, used or inferior parts and

22  components; and (6) Defendants, as a business practice, misrepresented to customers the cost for

23  replacement parts as well as overcharged customers for these parts.

24                           JURISDICTION AND PARTIES

25        3.     Plaintiff Pamela Alvarez is a resident of Mendocino County, California who

26  purchased a Dell computer in May, 2001 with a written warranty that included the right to have

27  _____

28
     [1] All Dell customers receive a warranty that Dell includes in the price of the computer; the
     price for extending this base warranty beyond the first year is approximately $60-70 per year.

First Amended Complaint; Alvarez Affidavit

1  "Next-Business-Day At-Home Service" with a live technician for the life of her warranty, as

2  well as the right to have warranty replacement parts sent to her the next business day. She also

3  purchased an extension of this warranty covering a number of years, and received a written

4  extended warranty. Under the written warranty and extended warranty, plaintiff is informed and

5  believes and thereon alleges that Defendants Dell Inc. and BancTec Inc. were obligated to

6  provide service and replacement parts and components to plaintiff and other members of the

7  class, and Dell Inc. and BancTec Inc. actually did provide warranty repair service and

8  replacement parts and components to her and other members of the Warranty Subclass (defined

9  below), although not the next business day and not with brand new parts or even like or

10 equivalent parts. Defendants Dell Inc. and QualxServ LLC were obligated to provide warranty

11 repair service and replacement parts and components to other members of the plaintiff class, and

12 Dell Inc. and QualxServ LLC actually did provide warranty repair service and replacement parts

13 and components to other members of the Warranty Subclass (defined below).

14       4.      Plaintiff is informed and believes and thereon alleges that defendant Dell Inc. is a

15 corporation organized under the laws of the State of Delaware, with its principal place of

16 business in Round Rock, Texas, and was formerly known as "Dell Computer Corporation." Dell

17 Inc. is engaged in the business of manufacturing, marketing, selling, maintaining, repairing,

18 servicing, and providing support for computer systems and computer products. Dell Inc. is also

19 engaged in the business of making, marketing and selling warranties, including extended

20 warranties, to purchasers of its computer systems, and in providing warranty service and repair,

21 including replacement parts and components. Plaintiff is informed and believes and thereon

22 alleges that Dell's revenues were about $55 billion in 2005, including billions from the sale of

23 extended warranties.

24       5.  Dell Inc. sells its computers and extended warranties in the State of California

25 through direct retailers such as Costco as well as through the Internet and mail order catalogs.

26 Dell collects California sales taxes on sales of its computers and other electronic products and

27 extended warranties to California residents. Further, Plaintiff is informed and believes and

28 thereon alleges that Dell maintains a California Seller's license.

3

First Amended Complaint; Alvarez Affidavit

1    6.    Plaintiff is informed and believes and thereon alleges that defendants Dell

2  Catalog Sales, L.P. and Dell Products, L.P. are wholly-owned subsidiaries and/or affiliates

3  through which Dell Inc., at times, does business.  Each of the foregoing Dell Defendants has

4  been or is the principal, agent, employee, representative, partner, joint venturer and/or

5  co-conspirator of each of the other Dell Defendants and in such capacity or capacities

6  participated in the acts or conduct alleged herein and incurred liability therefor.  Further,

7  Plaintiff is informed and believes and thereon alleges that Defendants Dell Catalog Sales, L.P.

8  and Dell Products, L.P. are, and at all times herein mentioned were, the alter egos of Defendant

9  Dell Inc., and there exists, and at all times herein mentioned has existed, a unity of interest and

10  ownership between such Dell defendants such that any separateness between them has ceased to

11  exist, in that defendant Dell Inc. completely controls, dominates, manages, and operates Dell

12  Catalog Sales, L.P. and Dell Products, L.P. to the detriment of Plaintiff and plaintiff class

13  members.  Adherence to the fiction of the existence of Dell Catalog Sales, L.P. and Dell

14  Products, L.P. as entities separate and distinct from Dell Inc. would permit an abuse of corporate

15  privileges and would sanction a fraud and promote injustice. (Dell Inc., Dell Catalog Sales, L.P.

16  and Dell Products, L.P. will hereafter collectively be referred to as "**Dell.**")

17    7.    Plaintiff is informed and believes and thereon alleges that Dell sells its desktop

18  and notebook computer systems with a warranty that remains in effect for up to a year depending

19  on the system.  The price for these warranties is included as part of the price of the computer

20  system.  These warranties are in writing.  Warranties applicable to desktop and notebook

21  computer systems provide the right to receive next business day at-home, or onsite, warranty

22  repair service with a live technician if the computer develops a problem, as well as next business

23  day delivery of replacement parts.  Other warranties applicable to notebook computer systems

24  require the customer to mail-in the system to Dell and provides the right to receive warranty

25  repair and replacement part service within one day after Dell receives the system.

26    8.    Dell also makes and aggressively markets and sells extensions of these warranties

27  for two to four years. (These extended warranties will hereafter be referred to as "**Extended

28  Warranties**" or "**Extended Warranty.**")  The price for the Extended Warranties depends upon

---

4

First Amended Complaint; Alvarez Affidavit

1  the length of the agreement but is basically $60-70 per year.  With regard to the Extended

2  Warranties, defendants BancTec Inc. and QualxServ LLC also jointly make, sell and market

3  these warranties with Dell.  In addition, Defendants Dell, BancTec and QualxServ provide onsite

4  warranty repair work and replacement parts and components under the warranties, including the

5  Extended Warranties.

6       9.  Plaintiff is informed and believes and thereon alleges that defendant BancTec,

7  Inc. ("**BancTec**") is a corporation organized under the laws of the State of Delaware with its

8  principal place of business located in Irving, Texas, and which was previously merged with a

9  related company called "BancTec Service Corp."  Plaintiff is informed and believes and thereon

10  alleges that BancTec transacts business in the State of California.  Plaintiff is informed and

11  believes and thereon alleges that BancTec, along with Dell, is engaged in the business of

12  making, maintaining, repairing, servicing, and providing warranties and warranty support

13  (including providing replacement parts and components) for Dell computer systems.  Plaintiff is

14  also informed and believes and thereon alleges that BancTec, along with Dell, is engaged in the

15  business of making, marketing and selling warranties to purchasers of Dell computer systems.

16      10.  Plaintiff is informed and believes and thereon alleges that defendant QualxServ

17  LLC ("**QualxServ**") is a limited liability company organized under the laws of the State of

18  Delaware with its principal place of business located in Tewksbury, Massachusetts.  Plaintiff is

19  informed and believes and thereon alleges that QualxServ transacts business in the State of

20  California.  Plaintiff is informed and believes and thereon alleges that QualxServ is engaged in

21  the business of making, maintaining, repairing, servicing, and providing warranties and warranty

22  support  (including providing replacement parts and components) for Dell computer systems.

23  Plaintiff is also informed and believes that QualxServ, along with Dell, is engaged in the

24  business of making, marketing and selling warranties to purchasers of Dell computer systems.

25      11.  With respect to the warranties, including the Extended Warranties, each of the

26  Defendants has been or is the principal, agent, employee, representative, partner, joint venturer

27  and/or co-conspirator of each of the other Defendants and in such capacity or capacities

28  participated in the acts or conduct alleged herein and incurred liability therefor.  Further, at all

First Amended Complaint; Alvarez Affidavit

1  times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint

2  venturer of each other Defendant with respect to the making, marketing and selling of the

3  warranties, including the Extended Warranties, as well as the servicing, providing, repairing and

4  replacing of computer parts and components under the warranties, including the Extended

5  Warranties. Each Defendant derived, accepted and retained monetary profits and benefits from

6  the warranties, including the Extended Warranties. Further, each of the Defendants acted for and

7  on behalf of each other Defendant with respect to the onsite warranties, with actual and apparent

8  authority to act, and did so within the course and scope of their agency, partnership, joint venture

9  and/or authority. With regard to the specific warranties, representations and agreements alleged

10  herein, each was made with the knowledge, consent, authorization, ratification and approval of

11  each of the Defendants.

12                          GENERAL ALLEGATIONS

13        12.    Plaintiff is informed and believes and thereon alleges that all plaintiff class

14  members received substantially identical warranties, including the Extended Warranties, with

15  substantially similar documentation with Defendants.

16                          CLASS ACTION ALLEGATIONS

17        13.    Plaintiff brings this action on behalf of herself and all others similarly situated as

18  a representative of the following class: all persons in the State of California who have purchased

19  desktop or notebook computer systems manufactured by Dell and who also received a warranty

20  from Defendants. The class includes a subclass of those persons who actually received

21  replacement parts under their warranties and/or who did not receive next business day onsite or

22  mail-in warranty repair service or replacement parts ("Warranty Subclass"). Excluded from the

23  class are employees of Defendants, their officers, directors, subsidiaries and affiliates.

24        14.    Plaintiff is a member of the class and the Warranty Subclass.

25        15.    Members of the class and the Warranty Subclass are so numerous that joinder of

26  all members is impracticable. Plaintiff does not know the exact size of the class or the Warranty

27  Subclass, since such information is in the exclusive control of Defendants. The exact number,

28  however, may be determined by appropriate discovery. Plaintiff believes that the class members

1    and Warranty Subclass members number at least in the thousands.

2         16.    There are questions of fact and law common to the class and the Warranty

3    Subclass, which common questions predominate over any questions affecting only individual

4    members.  Those common questions include whether Defendants engaged in the following

5    conduct and whether such conduct is improper and illegal:

6         A.    Failing to provide next business day onsite service and replacement parts under

7               their warranties.

8         B.    Failing to provide next business day onsite service under their warranties when a

9               part did not need replacing.

10        C.    Failing to provide repair or replacement service one business day after receipt of a

11              system mailed to a repair facility under the mail-in warranties.

12        D.    Failing to provide new warranty replacement parts and components and instead

13              providing used, recycled or inferior replacement parts and components.

14        E.    Failing to clearly and conspicuously disclose to Plaintiff and plaintiff class

15              members prior to and after the purchase of Defendants' warranties and Extended

16              Warranties that Defendants use recycled, used, or inferior parts and components

17              to fulfill their warranty obligations rather than brand new ones.

18        F.    Failing to clearly and conspicuously disclose to Plaintiff and plaintiff class

19              members prior to and after the purchase of Defendants' warranties and Extended

20              Warranties that they will not receive next business day onsite or mail-in warranty

21              repair service or replacement parts after a computer problem is reported.

22        G.    Inducing customers to purchase warranties and Extended Warranties by

23              misrepresenting, misleading or deceiving them that (1) a live technician and/or a

24              replacement part will appear at their home within one business day of reporting a

25              problem; that (2) a system will be repaired or replaced within one business day

26              from the date a system is received at a mail-in repair facility; and that (3) brand

27              new replacement parts and components will be used rather than recycled, used or

28              inferior ones.

First Amended Complaint; Alvarez Affidavit

H.   Representing that the monetary value of a used, recycled or inferior part or component is worth the same as or more than a brand new part or component.

I.   Overcharging, as a matter of business practice, for warranty replacement parts.

J.   Misleading and deceiving customers that a used, recycled or inferior part or component is the equivalent performance-wise to a brand new part or component.

K.   Carrying out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

L.   Whether Defendants are liable for breach of express warranty.

M.   Whether Defendants are liable for breach of contract.

N.   Whether Defendants violated the California Consumers Legal Remedies Act, California Civil Code sections 1750, *et seq.*

O.   Whether Defendants are liable for unfair and unlawful business practices pursuant to California Business and Professions Code sections 17200, *et seq.*

P.   Whether Defendants are liable for false advertising pursuant to California Business and Professions Code sections 17500, *et seq.*

Q.   Whether Defendants are liable for breach of the California Song Beverly Act false advertising pursuant to California Civil Code sections 1790, *et seq.*

R.   Whether Defendants are liable for fraud.

S.   Whether Defendants were unjustly enriched by their wrongful conduct.

T.   Whether Defendants are liable under the Magnuson-Moss Warranty Act.

U.   Whether Defendants are obligated to provide top quality parts and components when fulfilling their warranty obligations.

V.   Whether Defendants are obligated to provide new parts and components when fulfilling their warranty obligations.

W.   Whether Defendants are obligated to provide next business day onsite and mail-in warranty repair service under their warranty obligations.

17.   Plaintiff can and will fairly and adequately represent and protect the interests of the class and the Warranty Subclass and has no interests that conflict with or are antagonistic to

8

1   the interests of the class or Warranty Subclass. Plaintiff has retained experienced and competent

2   attorneys who are capable of representing the interests of the class.

3        18.   All class members have the same legal rights to, and interest in, the fair treatment

4   by Defendants and the proper interpretation and implementation of the onsite and mail-in

5   warranties, including Extended Warranties (which are substantially similar, if not identical, for

6   Plaintiff and plaintiff class members).

7        19.   The class action is an appropriate method for fair and efficient adjudication of the

8   controversy given the following:

9        A.   Common questions of law and/or fact predominate over any individual questions

10   that may arise, such that there would be enormous economies to the courts and the parties in

11   litigating the common issues on a class wide instead of a repetitive individual basis;

12        B.   Class members' individual damage claims are too small to make individual

13   litigation an economically viable alternative;

14        C.   Despite the relatively small size of individual class members' claims, their

15   aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a

16   common basis, will enable this case to be litigated as a class action on a cost-effective basis,

17   especially when compared with repetitive individual litigation; and

18        D.   No unusual difficulties are likely to be encountered in the management of this

19   class action in that all or substantially all questions of law or fact to be litigated at the liability

20   stage are common to the class.

21        20.   Class certification is fair and efficient as well because prosecution of separate

22   actions would create a risk of adjudications with respect to individual members of the class,

23   which as a practical matter, may be dispositive of the interests of other members not parties to

24   the adjudication or substantially impair or impede their ability to protect their interests.

25        21.   Class certification is also appropriate because Defendants have acted on grounds

26   generally applicable to the class.

27        22.   Plaintiff proposes that notice of this class action be provided by individual

28   mailings to plaintiff class members who can be identified through reasonable effort and by

9

First Amended Complaint; Alvarez Affidavit

1 publication in national publications.

2 ### First Cause of Action

3 ### for Breach of Express Warranty

4 **(Plaintiff and Plaintiff Warranty Subclass Members Against All Defendants)**

5     23.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

6 the preceding paragraphs of this complaint.

7     24.    At all times herein alleged, Dell was a manufacturer and seller or merchant of

8 goods for purposes of this claim. Defendants BancTec and QualxServ, at all times alleged

9 herein, were also sellers or merchants of goods with respect to the warranties, including

10 Extended Warranties, and the replacement parts and components under the warranties, including

11 the Extended Warranties.

12     25.    At all times relevant hereto, each of the Defendants has been or is the agent,

13 partner and/or joint venturer of each other Defendant with respect to the making, marketing and

14 selling of the warranties, including the Extended Warranties, as well as the servicing, providing,

15 repairing and replacing of computer parts and components under the warranties, including the

16 Extended Warranties. Each Defendant derived, accepted and retained monetary profits and

17 benefits resulting from the sale of the warranties. Further, with respect to the warranties, each of

18 these Defendants acted for and on behalf of each other Defendant with actual and apparent

19 authority to act, and did so within the course and scope of their agency, partnership, joint venture

20 and/or authority. With regard to the specific warranties alleged herein, each warranty was made

21 with the knowledge, consent, authorization, ratification and approval of each Defendant.

22     26.    Dell and/or Defendants made the following express affirmations of fact, promises

23 and descriptions to Plaintiff and plaintiff Warranty Subclass members in writing in connection

24 with the sale of the Dell desktop computers and notebooks in issue:

25     A.    <u>That Defendants would provide next business day warranty replacement parts and</u>

26 <u>onsite warranty repair by a live technician.</u> Dell made this warranty on behalf of itself and the

27 other Defendants in its written warranty and sales documentation, as well as on its Web site and

28 mail order catalogs. Defendants also made this express affirmation of fact, promise and

---

10

description through, ostensibly, BancTec and/or QualxServ.

B. <u>That Defendants would provide onsite warranty repair to fix computer problems, even if a part did not need replacing</u>. Dell made this warranty on behalf of itself and the other Defendants in its written warranty and sales documentation, as well as on its Web site and mail order catalogs. Defendants also made this express affirmation of fact, promise and description through, ostensibly, BancTec and/or QualxServ.

C. <u>That Dell would provide repair or replacement part service one business day after receipt of a system mailed to its repair facility</u>. Dell made this warranty in its written warranty and sales documentation.

D. <u>That Defendants would use only top quality replacement parts and components for warranty repairs</u>. Dell made this warranty on behalf of itself and the other Defendants on its Web site and mail order catalog.

E. <u>That Defendants would use new replacement parts and components for warranty repairs</u>. Dell made this warranty on behalf of itself and the other Defendants on its Web site and mail order catalog through the presentation and adoption of a customer testimonial that stated as follows: "I called your service number as I was having a problem with my keyboard .... almost exactly 24 hours later a *new* keyboard was delivered to my door." (Emphasis added.)

F. <u>That the parts and components Plaintiff and plaintiff Warranty Subclass members received as replacement parts and components under their warranties were new and of the same or equivalent quality as the parts being replaced</u>. Dell made this warranty on behalf of itself and the other Defendants through a written invoice that was sent to Plaintiff and plaintiff Warranty Subclass members at or around the time the replacement part and component was delivered.

27. These affirmations, promises, and descriptions were made a part of the basis of the bargain between Plaintiff and plaintiff Warranty Subclass members, and Defendants, and constituted express warranties. Further, Defendants had superior information peculiarly within their knowledge of these affirmations, promises, and descriptions as Defendants were the ones marketing and offering the warranties to the public, including to Plaintiff and plaintiff Warranty Subclass members.

---

11

First Amended Complaint; Alvarez Affidavit

28.     Defendants breached these express warranties because these affirmations, promises, and descriptions were untrue in that:  Defendants did not provide next business day replacement parts or onsite warranty repair service with a live technician; Defendants did not provide onsite warranty repair service for a computer problem unless a warranty replacement part was needed; Dell did not provide repair or replacement warranty service one business day after receipt of a system by mail at a repair facility; Defendants did not provide top quality, new replacement parts and components; and the replacement parts and components Defendants provided were not of the same condition, durability, quality and value as top quality, new parts and components.

29.     At the time the warranties were provided to Plaintiff and plaintiff Warranty Subclass members, Defendants, and each of them, knew that the warranties did not conform to the foregoing warranties made to their customers, including to Plaintiff and plaintiff Warranty Subclass members.

30.     Plaintiff alleges that notice of Defendants' breaches is not required in this case. Nevertheless, notice of the breaches was provided to Defendants within a reasonable time after discovery of the breaches.  Specifically, Plaintiff provided notice of breach within a reasonable time after she discovered the breaches of warranty.

31.     As a proximate result of Defendants' breaches of warranty, Plaintiff and plaintiff Warranty Subclass members have been damaged in an amount to be proven at trial.

**Second Cause of Action**

**for Breach of Written Agreement**

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

33.     At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the making, marketing and selling of the warranties, including the Extended Warranties, as well as the servicing, providing, repairing and replacing of computer parts and components under the warranties, including the

First Amended Complaint; Alvarez Affidavit

1    Extended Warranties. Each Defendant derived, accepted and retained monetary profits and

2    benefits resulting from the sale of the warranties. With respect to the specific agreements

3    alleged herein, each of these Defendants acted for and on behalf of each other Defendant with

4    actual and apparent authority to act, and did so within the course and scope of their agency,

5    partnership, joint venture and/or authority. Further, with regard to the specific agreements

6    alleged herein, each agreement was made with the knowledge, consent, authorization,

7    ratification and approval of each of the Defendants.

8        34.    Plaintiff Alvarez and plaintiff class members, on the one hand, and Defendants,

9    on the other, entered into written warranty agreements in connection with the sale of the

10   computers and notebooks in issue. Defendants also sold extensions of these agreements, which

11   Plaintiff Alvarez purchased.

12       35.    Pursuant to these agreements, Defendants offered, promised and agreed to the

13   following uniform material terms with respect to their warranties and Extended Warranties:

14   Defendants will provide next business day delivery of replacement parts as well as next business

15   day onsite or mail-in warranty service by a live technician for warranty repair; Defendants will

16   provide onsite warranty repair service to fix computer problems even if a part did not need to be

17   replaced; Defendants will use only top quality replacement parts and components for warranty

18   repairs; and Defendants will use new replacement parts and components for warranty repairs.

19       36.    Plaintiff Alvarez and plaintiff class members accepted the terms of the warranty

20   agreements by purchasing their computers and Extended Warranties. Defendants uniformly

21   offered the same warranty terms and written warranty documentation to each customer,

22   including Plaintiff and plaintiff class members. Plaintiff Alvarez and plaintiff class members did

23   not and could not negotiate any term of this agreement, and had no bargaining power over its

24   terms as they were strictly dictated by Defendants.

25       37.    Plaintiff and plaintiff class members allege that to the extent the warranty

26   agreements are ambiguous and/or uncertain with regard to the type of replacement parts and

27   components to be used for warranty repairs, the proper construction of these agreements is that

28   new replacement parts and components are required to be used. Plaintiff also alleges that a

---

13

First Amended Complaint; Alvarez Affidavit

1   reasonable consumer would interpret these agreements as requiring that warranty repairs would

2   be made with new replacement parts and components, not used or recycled ones or inferior ones.

3   Further, Plaintiff alleges that Defendants had an obligation to disclose in the written warranties

4   that used or inferior parts were used for warranty repairs, which they failed to do.

5           38.     Plaintiff and plaintiff class members fulfilled all of their obligations under the

6   agreements, including all conditions, covenants, and promises, except those that were excused as

7   a result of Defendants' breach of their obligations thereunder.

8           39.     Defendants breached the warranty agreements by:  failing to provide next

9   business day replacement parts and/or at-home or mail-in warranty repair service with a live

10  technician; failing to provide onsite warranty repair service to fix computer problems even if a

11  part did not need to be replaced; failing to provide top quality replacement parts and components

12  in fulfilling their warranty obligations; failing to provide new replacement parts and components

13  in fulfilling their warranty obligations; failing to disclose that used or inferior parts were used for

14  warranty repairs such as with their sound blaster cards; and by overcharging for warranty

15  replacement parts if the part being replaced was not returned within the time Defendants

16  demanded.

17          40.     As a proximate result of Defendants' breaches, Plaintiff and plaintiff class

18  members have been damaged in an amount to be proven at trial.

19                              **Third Cause of Action**

20                  **for Violation of the Magnuson-Moss Warranty Act**

21              **(Plaintiff and Plaintiff Class Members Against All Defendants)**

22          41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

23  the preceding paragraphs of this complaint.

24          42.     Plaintiff and plaintiff class members were "consumers" as defined under the

25  Magnuson-Moss Warranty Act ("Act").  The computers sold to Plaintiff and plaintiff class

26  members were "consumer products" as defined under the Act.

27          43.     At all times herein alleged, defendant Dell is a "supplier" as that term is defined

28  in the Act.  Defendants BancTec and QualxServ, at all times alleged herein, were also

                                        14
                        First Amended Complaint; Alvarez Affidavit

1  "suppliers" with respect to the warranties, including the Extended Warranties, and the

2  replacement parts and components.

3       44.    At all times relevant hereto, each of the Defendants has been or is the agent,

4  partner and/or joint venturer of each other Defendant with respect to the making, marketing and

5  selling of the warranties, including the Extended Warranties, as well as the servicing, repairing

6  and replacing of computer parts and components under the warranties, including the Extended

7  Warranties. Each Defendant derived, accepted and retained monetary profits and benefits

8  resulting from the sale of the warranties, including the Extended Warranties. Further, each of the

9  Defendants acted for and on behalf of each other Defendant with actual and apparent authority to

10  act, and did so within the course and scope of their agency, partnership, joint venture and/or

11  authority. With regard to the specific warranties alleged herein, each warranty was made with

12  the knowledge, consent, authorization, ratification and approval of each of the Defendants.

13       45.    Defendants made an "undertaking in writing" in connection with the sale of

14  consumer products to Plaintiff and plaintiff class members "to refund, repair, replace, or take

15  other remedial actions with respect to such product in the event that such product fails to meet

16  the specifications set forth in the undertaking."

17       46.    Among the duties undertaken in writing by Defendants was the obligation to

18  replace defective parts and components or units in the event such parts and components or units

19  malfunctioned. The undertaking to replace defective parts and components or units included the

20  obligation to furnish new parts and components or units with respect to the warranties, including

21  the Extended Warranties.

22       47.    Defendants also undertook under the warranties, including the Extended

23  Warranties, to provide next business day replacement parts and/or at home service with a live

24  technician, to provide such service even if a part or component did not need to be replaced, and

25  to use new parts and components and replacements units when repairing Plaintiff's and plaintiff

26  class members' computers. With respect to the mail-in warranties, including the mail-in

27  Extended Warranties, Dell undertook to repair a computer system within one business day of

28  receipt of such system at its repair facility.

First Amended Complaint; Alvarez Affidavit