48. The foregoing written undertakings constitute "written warranties" as that term is defined in the Act.

49. The undertakings were part of the basis of the bargain between Defendants and Plaintiff and plaintiff class members for purposes other than resale of the product.

50. Defendants failed to comply with their obligations under the warranties, including the Extended Warranties, by: failing to provide next business day replacement parts and onsite or mail-in service with a live technician; failing to provide onsite warranty service unless a part or component needed replacing; and using recycled and used parts and components rather than new parts and components in fulfilling their undertakings.

51. By so doing, Defendants breached their obligations under the written warranty.

52. To the extent the undertaking is not deemed to be a written warranty but a "service agreement" under the Act, Defendants breached their obligations under such service agreement in the same manner as alleged above with the written warranty.

53. Plaintiff and plaintiff class members have been damaged by Defendants' failure to comply with their obligations under the written warranty or service agreement.

54. Plaintiff is entitled to attorneys' fees and costs in prosecuting this action.

## Fourth Cause of Action
### for Violation of the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*
**(Plaintiff and Plaintiff Class Members Against All Defendants)**

55. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

56. This cause of action is brought on behalf of the class pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

57. The CLRA applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

58. Plaintiff and each member of the class are "consumers" within the meaning of Civil Code § 1761(d).

59. The products that Plaintiff and each member of the Class own or lease are "goods" within the meaning of Civil Code § 1761(a).

60. In doing the acts alleged above, Defendants engaged in the following acts set forth in the CLRA, Civil Code § 1770, among others, which provides in pertinent part:

> "(a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> . . .
> (5) Representing that goods or services have . . . characteristics, . . . [or] benefits. . . which they do not have . . . .
>
> (6) Representing that goods are original or new if they have deteriorated unreasonably or are altered, reconditioned, reclaimed, used, or secondhand.
>
> (7) Representing that goods or services are of a particular standard, quality, or grade, . . . if they are of another.
> . . .
>
> (9) Advertising goods or services with intent not to sell them as advertised.
> . . .
>
> (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.
> . . .
>
> (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.
> . . .
>
> (19) Inserting an unconscionable provision in the contract."

61. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

62. Pursuant to California Civil Code § 1780(a)(3), Plaintiff and members of the class also seek restitution of any ill-gotten gains due to Defendants' acts and practices. Plaintiff and members of the class further request that this Court award them their costs and reasonable attorneys' fees, pursuant to California Civil Code § 1780(d). Plaintiff and members of the class further request this Court to enjoin Defendants from continuing to employ the unlawful methods,

acts and practices alleged above, pursuant to California Civil Code § 1780(a)(2). Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, current and future consumers of Defendants' products will be damaged by Defendants' acts and practices in the same way as have Plaintiff and members of the class.

63. Further, as a direct and proximate result of the above-described deceptive practices, Plaintiff and members of the class sustained damages in an amount to be proven at trial. Plaintiff and members of the class will seek damages pursuant to California Civil Code § 1782 if Defendants do not correct, repair, replace or otherwise rectify the deceptive practices complained of herein within 30 days from the service of this First Amended Complaint.

64. **Notice Pursuant to Civil Code § 1782 - Plaintiff hereby demands that within 30 days from service of this Complaint, Defendants correct, repair, replace or otherwise rectify the deceptive practices complained of herein for the entire class pursuant to Civil Code § 1770. Failure to do so will result in Plaintiff amending this complaint to seek damages for such deceptive practices pursuant to Civil Code § 1782.**

### Fifth Cause of Action
### for Unfair, Unlawful, and Deceptive Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

66. Defendants' actions, as set forth above, constitute unfair, unlawful and/or deceptive business practices under California Business and Professions Code §§ 17200, *et seq.*

67. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

68. Plaintiff and class members have suffered injury in fact and have lost money or property as a result of such unfair business practices.

69. Unless Defendants are enjoined from continuing to engage in the unlawful, unfair, fraudulent, untrue, and deceptive business acts and practices as described herein, members of the

---
18

First Amended Complaint; Alvarez Affidavit

class will continue to be damaged by Defendants' unfair business practices.

70. Defendants, through their acts of unfair business practices, have acquired money from class members. Thus, Plaintiff and plaintiff class members request that this Court restore this money to them, and enjoin Defendants from continuing to violate Business & Professions Code §§ 17200, *et seq.*, as discussed above.

71. Such conduct is ongoing and continues to this date. Plaintiff and plaintiff class members are therefore entitled to the relief described below.

### Sixth Cause of Action
### for False and Misleading Advertising (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)
(Plaintiff and Plaintiff Class Members Against All Defendants)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

73. Defendants' actions, as set forth above, constitute false and misleading advertising under California Business and Professions Code §§ 17500, *et seq.* Defendants are disseminating advertising concerning their products and services which is unfair, deceptive, untrue, and/or misleading with the meaning of California Business & Professions Code §§ 17500, *et seq.* Such advertisements are likely to deceive, and continue to deceive, the consuming public.

74. The above-described false, misleading and deceptive advertising conducted by Defendants continues to have a tendency to deceive the public.

75. In making and disseminating the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and acted in violation of California Business & Professions Code §§ 17500, *et seq.*

76. The misrepresentation and non-disclosure by Defendants of the material facts detailed above constitutes false and misleading advertising and therefore constitutes a violation of California Business & Professions Code §§ 17500, *et seq.*

77. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the class have suffered substantial monetary and non-monetary damage. As such, Plaintiff and

members of the class request that this Court cause Defendants to restore this money to them, and to enjoin Defendants from continuing to violate California Business & Professions Code §§ 17500, *et seq.*, as discussed above. Otherwise, Plaintiff and the members of the class will continue to be damaged by Defendants' false and misleading advertising.

78. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

79. Such conduct is ongoing and continues to this date. Plaintiff and plaintiff class members are therefore entitled to the relief described below.

### Seventh Cause of Action
### for Violation of the Song-Beverly Consumer Warranty Act (Civil Code §§ 1790, *et seq.*)
### (Plaintiff and Plaintiff Class Members Against All Defendants)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

81. Plaintiff and plaintiff class members were "buyers" of "consumer goods" as these terms are defined under California Civil Code section 1791. The computers sold to Plaintiff and plaintiff class members were "consumer goods" as defined under the Song-Beverly Consumer Warranty Act ("Act").

82. At all times herein alleged, defendant Dell is a "manufacturer," "retail seller," "seller" and "retailer," as those terms are defined in section 1791 of the Act. Defendants BancTec and QualxServ, at all times alleged herein, were also "retail sellers," "sellers," and "retailers" with respect to the warranties, including the Extended Warranties, and the replacement parts and components.

83. At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the making, marketing and selling of the warranties, including the Extended Warranties, as well as the servicing, repairing and replacing of computer parts and components under the warranties, including the Extended Warranties. Each Defendant derived, accepted and retained monetary profits and benefits resulting from the sale of the warranties, including the Extended Warranties. Further, each of the

Defendants acted for and on behalf of each other Defendant with actual and apparent authority to act, and did so within the course and scope of their agency, partnership, joint venture and/or authority. With regard to the specific warranties alleged herein, each warranty was made with the knowledge, consent, authorization, ratification and approval of each of the Defendants.

84. Defendants made an "express warranty" as defined by section 1791.2 of the Act in connection with the sale of consumer goods to Plaintiff and plaintiff class members

85. Defendants breached their express warranties to Plaintiff and Plaintiff Class Members by failing to comply with their obligations under the express warranties, including the Extended Warranties, by: failing to provide next business day replacement parts and onsite or mail-in service with a live technician; failing to provide onsite warranty service unless a part or component needed replacing; and using recycled and used parts and components rather than new parts and components in fulfilling their warranties and not disclosing that they did so.

86. Further, Defendants breached the Act by, among other things, failing to comply with the requirements and disclosures of subsection (a)(1) and (a)(2) of section 1793.1; and by failing to maintain their own or independent service and repair facilities in California pursuant to section 1793.2.

87. To the extent Defendants are deemed to have sold a "service contract" under the Act to Plaintiff and Plaintiff Class Members, Defendants breached their obligations under such service contract in the same manner as alleged above with the express warranty as well as under the Act by failing to comply with the requirements and disclosures of subsection (c) of section 1794.4. For instance, Defendants violated section 1794.41 by failing to disclose in the manner described in section 1794.4 the buyer's cancellation and refund rights. Further, Defendants' inclusion of a limitation of remedies provision in the service contract is unconscionable and violates section 1790.1 because it purports to waive remedies expressly provided in Civil Code section 1794. Also, Defendants' attempt to disclaim warranties in the service contract violates section 1792.3 of the Act barring such disclaimers.

88. Plaintiff and plaintiff class members have been damaged by Defendants' failure to comply with their obligations under the Act with respect to their express warranty and/or service

contracts.

89. Plaintiff is entitled to attorneys' fees and costs in prosecuting this action.

### Eighth Cause of Action

### for Fraud

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

91. At all times relevant hereto, Defendants Dell, BancTec and QualxServ have been or are the agents, partners and/or joint venturers of each other with respect to the representations attributed to them with regard to the warranties, including the Extended Warranties, and each acted for and on behalf of each other with actual and apparent authority to act, and did so within the course and scope of their partnership, joint venture, agency and/or authority. With regard to the specific representations attributed to them with regard to the warranties, including the Extended Warranties, each representation was made with the knowledge, consent, authorization, ratification and approval of each of the them. Further, these Defendants derived, accepted and retained monetary profits and benefits resulting from the transactions in which the representations were made.

92. Defendants Dell, BancTec and QualxServ made the following material representations to Plaintiff Alvarez and plaintiff class members in writing:

A. <u>That Defendants would provide next business day warranty replacement parts and onsite warranty repair by a live technician.</u> Dell made this representation on behalf of itself and the other Defendants in its written warranty and sales documentation, as well as on its Web site and mail order catalogs. Defendants also made this representation through, ostensibly, BancTec and/or QualxServ.

B. <u>That Defendants would provide onsite warranty repair to fix computer problems, even if a part did not need replacing.</u> Dell made this representation on behalf of itself and the other Defendants in its written warranty and sales documentation, as well as on its Web site and mail order catalogs. Defendants also made this representation through, ostensibly, BancTec

First Amended Complaint; Alvarez Affidavit

and/or QualxServ.

    C.   <u>That Dell would provide repair or replacement service one business day after receipt of a system mailed to its repair facility under Dell's mail-in warranties, including the mail-in Extended Warranties.</u> Dell made this representation in its written warranty and sales documentation.

    D.   <u>That Defendants would use only top quality replacement parts and components for warranty repairs.</u> Dell made this representation on behalf of itself and the other Defendants on its Web site and mail order catalog.

    E.   <u>That Defendants would use new replacement parts and components for warranty repairs.</u> Dell made this representation on behalf of itself and the other Defendants on its Web site and mail order catalog through the presentation and adoption of a customer testimonial that stated as follows: "I called your service number as I was having a problem with my keyboard .... almost exactly 24 hours later a *new* keyboard was delivered to my door." (Emphasis added.)

    F.   <u>That the parts and components Plaintiff and plaintiff Warranty Subclass members received as replacement parts and components under their warranties were as described and represented on the invoice that came with the item.</u> Dell made this representation on behalf of itself and the other Defendants through a written invoice that was sent to Plaintiff and plaintiff Warranty Subclass members at or around the time the replacement part and component was delivered.

93.   Defendants made substantially the same representations to Plaintiff Alvarez and each plaintiff class member. Representations "A" through "E" above were first communicated to Plaintiff Alvarez and plaintiff class members at or around the time they received their warranties, including the Extended Warranties. In addition, representations "E"-"F" were communicated to Plaintiff and plaintiff Warranty Subclass members at or around the time they received their replacement part or component.

94.   All of the foregoing representations were false. In truth, Defendants did not provide Plaintiff Alvarez or plaintiff class members with next business day warranty replacement parts or next business day onsite or mail-in warranty repair service with a live technician under

the warranties, including the Extended Warranties, nor did Defendants provide onsite service for a computer problem that did not need a replacement part. In addition, Defendants did not provide top quality, new replacement parts and components under their warranties, including the Extended Warranties. The replacement parts and components Defendants did provide were recycled and used, and were not of the same condition, durability, quality and value as top quality, new parts and components or as described or represented in the written invoice. Furthermore, Defendants misrepresented in the written invoice the true and accurate cost of the part so they could deceive Plaintiff and plaintiff class members into believing a new part was being provided when in fact it was not, as well as to overcharge them in the event a defective part was not returned in the time Defendants demanded.

95. At the time these representations were made, Defendants, and each of them, knew them to be false. Defendants, and each of them, made these representations with the intention to deceive and defraud Plaintiff and plaintiff class members, and to induce them to act in reliance on these representations by purchasing their computers/warranties and/or Extended Warranties.

96. Plaintiff and plaintiff class members were ignorant of the falsity of Defendants' representations at the time they were made and at the time plaintiff and plaintiff class members purchased their computers/warranties and/or Extended Warranties, and believed them to be true. In reliance on these representations, Plaintiff and plaintiff class members were induced to and did purchase the computers/warranties and/or Extended Warranties to their detriment. Had Plaintiff and plaintiff class members known the true facts, they would not have taken such action. Plaintiff's and plaintiff class members' reliance on Defendants' representations was justified because Defendants were the ones offering the warranties and Extended Warranties for sale, and possessed superior knowledge of the facts, as they were peculiarly within the knowledge of Defendants.

97. Defendants made substantially the same representations to all plaintiff class members who received a warranty, including the Extended Warranty. Because the representations were material, reliance and justification for the reliance may be inferred or presumed on a class-wide basis for Plaintiff and all plaintiff class members.

98.     As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and plaintiff class members have suffered damages.

99.     The foregoing conduct of Defendants (i) constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal rights or otherwise causing Plaintiff and plaintiff class members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff class members' rights so as to justify an award of punitive damages against Defendants.

### Ninth Cause of Action

### for Fraud by Nondisclosure

### (Plaintiff and Plaintiff Class Members Against All Defendants)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

101.    Defendants intentionally failed and omitted to disclose to Plaintiff Alvarez and plaintiff class members that they do not provide next business day replacement parts or onsite or mail-in warranty repair service; that they do not provide onsite warranty repair service for a computer problem that did not need a replacement part; that they used recycled, inferior or used replacement parts under the warranties, including the Extended Warranties; and that their written invoices sent to customers along with the replacement parts misrepresented the condition, durability, quality and value of the part, as well as its true cost. These material facts were known to Defendants, and each of them, at all times herein mentioned.

102.    Defendants had a duty to Plaintiff and plaintiff class members to fully disclose in a clear and conspicuous manner the true facts.

103.    Defendants' representations, when coupled with Defendants' omissions, were false and misleading. Defendants intentionally omitted and failed to disclose these facts to

Plaintiff and plaintiff class members to induce and deceive Plaintiff and plaintiff class members into purchasing their computers/warranties and/or Extended Warranties.

104.  Plaintiff and plaintiff class members were ignorant of the falsity of Defendants' representations at the time they were made and at the time they purchased their computers/warranties and/or Extended Warranties, and believed them to be true. In reliance on these representations, Plaintiff and plaintiff class members were induced to and did purchase the computers/warranties and/or Extended Warranties to their detriment. Had Plaintiff and plaintiff class members known the true facts, they would not have taken such action. Plaintiff's and plaintiff class members' reliance on Defendants' representations was justified because Defendants were the ones offering the warranties and Extended Warranties for sale, and possessed superior knowledge of the facts, as they were peculiarly within the knowledge of Defendants.

105.  Because these omissions were uniformly kept from Plaintiff and plaintiff class members and because they were material omissions, reliance and justification for the reliance may be inferred or presumed on a class-wide basis for Plaintiff and all plaintiff class members

106.  As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and plaintiff class members have suffered damages.

107.  The foregoing conduct of Defendants (i) constituted an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal rights or otherwise causing Plaintiff and plaintiff class members injury; (ii) was intended by Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct that was carried on by Defendants with a willful and conscious disregard of the rights or safety of others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff class members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff class members' rights so as to justify an award of punitive damages against Defendants.

///

///

### Tenth Cause of Action

### for Restitution for Unjust Enrichment

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

108. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

109. As a result of Defendants' wrongful actions as alleged above, Defendants obtained benefits that are unjust for them to retain.

110. Plaintiff and plaintiff class members are entitled to restitution of such benefits in an amount to be determined at trial.

### Eleventh Cause of Action

### for Declaratory Relief

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

111. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this complaint.

112. An actual controversy has arisen between Plaintiff and plaintiff class members and Defendants regarding Defendants' obligations to Plaintiff and plaintiff class members under the warranties, including Extended Warranties, and claims alleged above. In addition, an actual controversy has arisen between Plaintiff and plaintiff class members and Defendants regarding whether the claims in issue are arbitrable. Plaintiff and plaintiff class members contend that the claims in issue are not arbitrable which, Plaintiff is informed and believes and alleges thereon, defendants dispute.

113. A judicial declaration of the parties' respective rights and obligations is necessary in order to resolve this dispute.

114. Plaintiff and plaintiff class members are entitled to a declaration of rights and a permanent injunction. Unless a declaration of rights and a permanent injunction are issued requiring Defendants to provide next business day service and replacement parts under the warranties, including the Extended Warranties, and new replacement parts and components, Plaintiff and plaintiff class members will not receive the benefit of the bargain, will have no

effective means to learn about the practices and policies of Defendants, Defendants will continue to engage in their improper conduct, and will otherwise continue to engage in the wrongful acts alleged above.

115. Further, Plaintiff and plaintiff class members are entitled to a declaration of rights that the claims in issue are not arbitrable.

**WHEREFORE,** Plaintiff request the following relief, on her own behalf and on behalf of the class:

1. An order confirming that this action is properly maintainable as a class action and appointing Plaintiff and her counsel to represent the class.

2. An award of compensatory damages and all monetary relief authorized by law or referenced in the Complaint, including punitive and exemplary damages.

3. An Order declaring the rights of the class and the obligations of Defendants.

4. An Order enjoining Defendants from using used replacement components, and from engaging in unfair or deceptive acts or practices set forth in or related to the allegations in the Complaint.

5. An Order requiring Defendants to replace Plaintiff's and plaintiff class members' components with new rather than used replacement components, to meaningfully and effectively disclose their past policy and practice of using inferior, used replacement components, to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations or omissions about their warranties, including the Extended Warranties, to Plaintiff and to plaintiff class members.

6. Restitution of amounts wrongfully obtained.

7. An award of prejudgment interest and post-judgment interest.

8. An award providing for payment of costs of suit, including payment of experts' fees and expenses.

9. An award of reasonable attorneys' fees.

///

///

First Amended Complaint; Alvarez Affidavit

10. Such other and further relief as this Court may deem proper and just.

DATED: August 22, 2006

Respectfully Submitted,

STRANGE & CARPENTER

By: _____
Brian R. Strange
Gretchen Carpenter
Attorneys for Plaintiff

## AFFIDAVIT OF PAMELA F. ALVAREZ

1. I, Pamela F. Alvarez, submit this affidavit pursuant to § 1780(c) of the *Consumers Legal Remedies Act* and declare the following.

2. I am and at all relevant times have been a resident of Mendocino County, California, and am the named plaintiff in the First Amended Complaint filed herewith.

3. I am informed and believe that, at all relevant times, defendants Dell Inc.; Banctec, Inc.; Qualxserv LLC; Dell Catalog Sales, L.P.; and Dell Products, L.P. have done and are doing business in Mendocino County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 21 day of August, 2006, at Pt. Arena, California.

*[signature]*
Pamela Alvarez

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; the address at my place of business is:

12100 Wilshire Blvd., Ste. 1900
Los Angeles, CA 90025

On August 22, 2006, I served the forgoing document, described as: **FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
on the interested parties in this action
[ x ] **by placing** [ ] the original [ x ] a true copy thereof to in an envelope addressed as follows:

Richard Elder, Esq.
Paul Hastings
55 Second Street, 24th Floor
San Francisco, CA 94105

*Attorney For Defendants Dell Inc.; Dell Catalog Sales, L.P.; and Dell Products, L.P.*

Steve Raspe, Esq.
Roberts Raspe & Blanton, LLP
445 S. Figueroa, Suite 3200
Los Angeles, California 90071

*Attorneys For Defendant Banctec, Inc.*

Tom Brigham, Esq.
441 North State Street
Ukiah, CA  95482

*Attorney For Defendant Qualxserv LLC*

[ X ] **VIA U.S. MAIL**
[   ] **VIA FEDERAL EXPRESS PRIORITY OVERNIGHT**

[   ] I deposited such an envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ X ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[   ] **BY PERSONAL SERVICE**

I delivered such envelope to the addressee by hand.
Executed on August 22, 2006, at Los Angeles, California.

[X] **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Ivan Ariza