# EXHIBIT C

# TO DELL'S MOTION

THOMAS S. BRIGHAM (State Bar No. 44899)
BROOKE A. BRIGHAM (State Bar No. 191263)
Attorneys at Law
441 North State Street
Post Office Box 358
Ukiah, CA 95482
Telephone: (707) 462-9292
Facsimile: (707) 467-2492
E-mail: tsbrigham@sbcglobal.net

Attorneys for Petitioner
QUALXSERV, LLC

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALXSERV, LLC, an entity<br><br>　　　　Petitioner,<br><br>vs.<br><br>PAMELA F. ALVAREZ<br><br>　　　　Respondent. | CASE NO. C 06 5956<br><br>**PETITION TO COMPEL ARBITRATION PURSUANT TO AGREEMENT** |

PETITIONER QUALXSERV, LLC ("Petitioner" or "QualXServ") hereby alleges as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court arises under 9 U.S.C. §§ 1, 2, and 4, and under 28 U.S.C. § 1332. The matter in controversy and the cost of implementing injunctive relief exceeds, exclusive of interest and costs, the sum of $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 4.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil Local Rule 3-5(b) and 3-2(b)-(d), assignment of this matter to the San Francisco or Oakland Division is proper because this action arises in Mendocino County in that a substantial part of the events or omissions which give rise to the claims occurred in Mendocino County.

## PARTIES

4. QualXServ is a limited liability corporation duly incorporated under the laws of the State of Delaware and its principal place of business is in the State of Massachusetts.

5. QualXServ is informed and believes that respondent Pamela F. Alvarez is a resident of Mendocino County, California

## FACTUAL BACKGROUND

6. Dell Inc., Dell Catalog Sales, L.P. and/or Dell Products, LP (collectively "Dell") sells computer products directly to customers over the Internet and by telephone. The computer products come with a limited warranty, which customers may pay to extend. Dell also sells at-home computer repair service contracts on behalf of BancTec, Inc. ("BancTec") and QualXServ (collectively "Service Providers"). Repair parts are provided under Dell's written warranty and labor under the Service Providers' separate service contracts.

7. At the time respondent purchased her computer, it was Dell's policy that, after a customer placed an order, Dell sends an Invoice (if a balance is due) or Acknowledgment confirming the order and detailing the transaction. The front of the Invoice or Acknowledgment stated: "PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF

-1-   PETITION TO COMPEL ARBITRATION
      PURSUANT TO AGREEMENT

THIS INVOICE." The reverse side showed the terms of the "Dell Terms and Conditions Agreement" ("Agreement") that apply to the purchase. Ex. A. Dell would send a separate copy of the Agreement when the computer equipment is delivered. Ex. B. The Agreement could also be viewed on Dell's website.

8. In large bold letters, the Agreement's title states it is the "Terms and Conditions Agreement" that applies to the purchase. Ex. B. Customers who purchase products from Dell do so subject to the Agreement. *Id.* The Agreement also instructs customers:

> **Please read this document carefully! It contains very important information about your rights and obligations, as well as limitations and exclusions that may apply to you. This document contains a dispute resolution clause.** [*Id.*, Ex. B, p. 1, 3 (emphasis in original).]

9. Dell informs its customers that purchasing from Dell creates certain obligations. The Agreement tells the customer that "[y]ou agree to be bound by and accept this agreement as applicable to your purchase of product(s) or service(s) from Dell. By accepting delivery of the computer systems and/or other products described on that invoice, Customer agrees to be bound by and accepts these terms and conditions." *Id.*, Ex. B, p. 3. Paragraph 7 of the Agreement, "Return Policies," informs customers that they can return the goods in accordance with Dell's Total Satisfaction Return Policy. *Id.*, Ex. B, p. 5. The Return Policy allows customers to return their order within 30 days of the invoice or acknowledgement date for a refund or credit, thereby allowing customers to reject the Agreement and the obligations it imposes. *Id.* Respondent was sent the Return Policy document with her computer equipment.

10. The Agreement's second numbered paragraph states in capital letters:
"**Governing Law.** THIS AGREEMENT AND ANY SALES THEREUNDER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO CONFLICTS OF LAWS RULES." [*Id.*, Ex. B, ¶2, p. 4.]

11. Paragraph 12 of the Agreement's contains the binding arbitration clause:
"**Binding Arbitration.** ANY CLAIM, DISPUTE, OR CONTROVERSY (WHETHER IN CONTRACT, TORT, OR OTHERWISE, WHETHER PREEXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, COMMON LAW, INTENTIONAL TORT, AND EQUITABLE CLAIMS) AGAINST DELL, its agents, employees, successors, assigns or affiliates (collectively for purposes of this paragraph, "Dell"), arising from or relating to this Agreement, its interpretation, or the breach, termination, or validity thereof, the relationships which result from

this Agreement (including, to the full extent permitted by applicable law, relationships with third parties who are not signatories to this Agreement), Dell's advertising, or any related purchase SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect (available via the Internet at http://www.arb-forum.com, or via telephone at 1-800-474-2371). The arbitration will be limited solely to the **dispute or controversy between Customer and Dell**. Any award of the arbitrator(s) shall be final and binding on each of the parties and may be entered as a judgment in any court of competent jurisdiction. Information may be obtained and claims may be filed at any office of the NAF or at P.O. Box 50191, Minneapolis, MN 55405. PROVIDED, HOWEVER, THAT THIS BINDING ARBITRATION REQUIREMENT DOES NOT APPLY TO CLAIMS AGAINST DELL ARISING UNDER THE APPLICABLE WRITTEN WARRANTY. SUCH CLAIMS MAY BE PURSUED IN ANY COURT OF COMPETENT JURISDICTION." [*Id.*, Ex. B, ¶12, p. 6. (emphasis added)]

12. On May 25, 2001, Respondent Alvarez purchased a Dell computer system, an extended limited warranty, and a third party on-site service contract with BancTec. Ex. C. When Respondent ordered her computer and service contract she had three chances to review and reject the Agreement before becoming bound by it. First, she could have viewed the Agreement on Dell's website before or after she ordered. Second, she received a copy of the Agreement on the back of her Acknowledgement after she placed her order and she could have cancelled her order then. Third, an additional copy of the Agreement arrived with the computer equipment. Ex. B. Respondent could have rejected the Agreement by returning her computer within thirty days. Ex. B, ¶ 7, p. 5. Instead, Respondent chose to keep her computer. Respondent later experienced computer problems and decided to sue. The First Amended Complaint for Damages and Equitable Relief ("Amended Complaint") asserts claims based on BancTec's alleged failure to provide next-day repair service and top quality, new replacement parts. Respondent Alvarez seeks to prosecute her claim on behalf of a class. The purported basis for suing QualXServ is that like BancTec they are also an on-site service provider for Dell and if Respondent's class is certified, QualXServ may be an appropriate defendant.

13. Respondent originally filed a complaint against Petitioner on July 29, 2004 in the Superior Court of California, County of Mendocino. On August 22, 2006, Respondent filed an

-3-  PETITION TO COMPEL ARBITRATION
PURSUANT TO AGREEMENT

Amended Complaint, removing its Texas law claims and instead including claims based on California law. Respondent also sought additional injunctive relief in the Amended Complaint. Despite contractually agreeing to individually arbitrate her claim, Respondent Alvarez seeks to prosecute her claim on behalf of a class. On September 21, 2006, Petitioner made a written demand to arbitrate Respondent Alvarez's claims on an individual basis. Ex. D. Respondent did not reply.

## CLAIM FOR ORDER TO COMPEL ARBITRATION

14. Petitioners incorporate paragraphs 1 through 13 by reference as though fully set forth herein.

15. 9 U.S.C. § 2 governs a "contract evidencing a transaction involving commerce" if that contract includes a written arbitration clause. The arbitration clause at issue here is in a written contract for the interstate sale of a computer from Texas or Tennessee to Respondent, a California resident.

16. The Federal Arbitration Act ("FAA") favors enforcement of contracts as written. Section 4 of the FAA states that the federal district courts petitioned to compel arbitration will do so in "accordance with the terms of the agreement." 9 U.S.C. § 4.

17. A dispute has arisen concerning Petitioners' alleged failure to provide next-day repair service and top quality, new replacement parts.

18. In the First Amended Complaint, Respondent seeks extensive injunctive relief pursuant to two of its claims. Implementing the injunctive relief sought by Respondent will require Dell to restructure its warranty repair program and revise the representations made regarding the program including but not limited to Dell's print and television advertisements concerning their products and services. Respondent also seeks detailed disclosures to the public of Dell's past and current practices.

19. The cost of implementing the injunctive relief requested by Respondent Alvarez will exceed $75,000.

20. On September 21, 2006, Petitioner made a written demand to arbitrate Respondent

Alvarez's claims on an individual basis. Ex. D. No replies were made to such demands, nor have any steps been taken by Respondent to proceed to arbitration in the manner provided in the Agreement. Respondent failed and neglected, and continues to fail and neglect, to perform under the terms of the Agreement and take any measures to settle the controversy.

21. Accordingly, Petitioner moves for an order directing Respondent to proceed to arbitration.

# RELIEF

For the reasons set forth above, Petitioner respectfully requests that the Court grant this petition and the relief requested as follows:

22. An order directing Respondent to proceed to arbitration in accordance with the terms of the Agreement.

DATED: September 26, 2006

THOMAS S. BRIGHAM

By: _____
Brooke A. Brigham

Attorneys for Petitioner
QUALXSERV, LLC

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

In order to permit the Judges of this Court to evaluate any need for disqualification or recusal and pursuant to Civil Local Rule 3-16, the undersigned certifies on behalf of QualXServ, LLC, that as of this date, other than the named parties, there is no such interest to report.

DATED: September 26, 2006

THOMAS S. BRIGHAM

By: _____
Brooke A. Brigham

Attorneys for Petitioner
QUALXSERV, LLC

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of this date, QualXServ, LLC. has no parent corporation and no publicly held corporation owns 10% or more its stock.

DATED: September 26, 2006

THOMAS S. BRIGHAM

By: _____
Brooke A. Brigham

Attorneys for Petitioner
QUALXSERV, LLC

# Exhibit A

# TERMS AND CONDITIONS AGREEMENT – HOME, HOME OFFICE AND SMALL BUSINESS CUSTOMERS

<u>PLEASE READ THIS DOCUMENT CAREFULLY!
IT CONTAINS VERY IMPORTANT INFORMATION ABOUT YOUR RIGHTS AND OBLIGATIONS,
AS WELL AS LIMITATIONS AND EXCLUSIONS THAT MAY APPLY TO YOU. THIS DOCUMENT CONTAINS A DISPUTE
RESOLUTION CLAUSE</u>

This Agreement contains the terms and conditions that apply to purchases by Home, Home Office, and Small Business customers from the Dell entity named on this invoice ("Dell"). You agree to be bound by and accept this agreement as applicable to your purchase of product(s) or service(s) from Dell. By accepting delivery of the computer systems and or other products described on this invoice. You ("Customer") agrees to be bound by and accepts these terms and conditions. THESE TERMS AND CONDITIONS APPLY (i) UNLESS THE CUSTOMER HAS SIGNED A SEPARATE PURCHASE AGREEMENT WITH DELL, IN WHICH CASE THE SEPARATE AGREEMENT SHALL GOVERN; OR (ii) UNLESS OTHER DELL STANDARD TERMS APPLY TO THE TRANSACTION. These terms and conditions are subject to change without prior written notice at any time, in Dell's sole discretion.

1. Other Documents. Other than as specifically provided in any separate formal purchase agreement between Customer and Dell, these terms and conditions may NOT be altered, supplemented, or amended by the use of any other document(s). Any attempt to alter, supplement or amend this document or to enter an order for products) which is subject to additional or altered terms and conditions will be null and void, unless otherwise agreed to in a written agreement signed by both Customer and Dell.

2. Governing Law. THIS AGREEMENT AND ANY SALES THEREUNDER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO CONFLICTS OF LAWS RULES.

3. Payment Terms; Orders; Quotes; Interest. Terms of payment are within Dell's sole discretion, and unless otherwise agreed to by Dell, payment must be received by Dell prior to Dell's acceptance of an order. Payment for the products will be made by credit card, wire transfer, or some other prearranged payment method unless credit terms have been agreed to by Dell. Invoices are due and payable within the time period noted on this invoice, measured from the date of the invoice. Dell may invoice parts of an order separately. Orders are not binding upon Dell until accepted by Dell. Any quotations given by Dell will be valid for the period stated on the quotation. Customer agrees to pay interest on all past-due sums at the highest rate allowed by law.

4. Shipping Charges; Taxes. Separate charges for shipping and handling will be shown on Dell's invoice(s). Unless Customer provides Dell with a valid and correct tax exemption certificate applicable to the product ship-to location prior to Dell's acceptance of the order, the Customer is responsible for sales and all other taxes associated with the order, however designated, except for Dell's franchise taxes and taxes on Dell's net income. If applicable, a separate charge for taxes will be shown on Dell's invoice.

5. Title; Risk of Loss. Title to products passes from Dell to Customer on shipment from Dell's facility. Loss or damage that occurs during shipping by a carrier selected by Dell is Dell's responsibility. Loss or damage that occurs during shipping by a carrier selected by Customer is Customer's responsibility. Title to software will remain with the applicable licensor(s).

6. Warranties. THE LIMITED WARRANTIES APPLICABLE TO DELL-BRANDED PRODUCTS ARE INCLUDED IN THE DOCUMENTATION ALONG WITH THE PRODUCTS AND CAN ALSO BE LOCATED ON-LINE AT www.dell.com/us/en/gen/misc/policy_010_policy.htm. DELL MAKES NO EXPRESS WARRANTIES EXCEPT THOSE STATED IN THIS SECTION AND IN DELL'S APPLICABLE WARRANTY STATEMENT IN EFFECT ON THE DATE OF THE INVOICE. ANY SUCH WARRANTIES WILL BE EFFECTIVE, AND DELL WILL BE OBLIGATED TO HONOR ANY SUCH WARRANTIES, ONLY UPON DELL'S RECEIPT OF PAYMENT IN FULL FOR THE ITEM TO BE WARRANTED.

7. Return Policies. Dell systems and parts that are purchased directly from Dell by an end-user Customer may be returned by Customer in accordance with Dell's "Total Satisfaction Return Policy" in effect on the date of the invoice.

8. Exchanges. From time to time, Dell may, in its sole discretion, exchange products or portions of a product. Any exchanges will be made in accordance with Dell's exchange policies in effect on the date of the exchange.

9. Products. Dell's policy is one of on-going product update and revision. Dell may revise and discontinue products at any time. Dell will ship products that have the functionality and performance of the products ordered, but changes between what is shipped and what is described in a specification sheet or catalog are possible. The parts and assemblies used in building Dell products are selected from new and equivalent-to-new parts and assemblies in accordance with industry practices. Spare parts may be new or reconditioned.

10. DellWare and Gigabuys Products. DellWare and Gigabuys products have different return and warranty policies than Dell products. DellWare and Gigabuys products may be returned to Dell in accordance with their respective return policies in effect on the date of invoice. Any warranty and technical support provided on a DellWare or Gigabuys product is provided by the original manufacturer, not by Dell. The warranties and technical support may vary from product to product.

11. Limitation of Liability. DELL DOES NOT ACCEPT LIABILITY BEYOND THE REMEDIES SET FORTH HEREIN, INCLUDING ANY LIABILITY FOR PRODUCTS NOT BEING AVAILABLE FOR USE OR FOR LOST OR CORRUPTED DATA OR SOFTWARE. DELL WILL NOT BE LIABLE FOR LOST PROFITS, LOSS OF BUSINESS OR OTHER CONSEQUENTIAL, SPECIAL, INDIRECT OR PUNITIVE DAMAGES, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, OR FOR ANY CLAIM BY ANY THIRD PARTY EXCEPT AS EXPRESSLY PROVIDED HEREIN. CUSTOMER AGREES THAT FOR ANY LIABILITY RELATED TO THE PURCHASE OF PRODUCTS OR SERVICES, DELL IS NOT LIBALE OR RESPONSIBLE FOR ANY AMOUNT OF DAMAGES ABOVE THE AGGREGATE DOLLAR AMOUNT PAID BY CUSTOMER FOR THE PURCHASE(S) UNDER THIS AGREEMENT.

12. Binding Arbitration. ANY CLAIM, DISPUTE, OR CONTROVERSY (WHETHER IN CONTRACT, TORT, OR OTHERWISE, WHETHER PREEXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, COMMON LAW, INTENTIONAL TORT AND EQUITABLE CLAIMS) AGAINST DELL, its agents, employees, successors, assigns or affiliates (collectively for purposes of this paragraph "Dell") arising from or relating to this Agreement, its interpretation, or the breach, termination or validity thereof, the relationships which result from this Agreement (including, to the full extent permitted by applicable law, relationships with third parties who are not signatories to this Agreement), Dell's advertising, or any related purchase SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect (available via the Internet at http://www.arb-forum.com, or via telephone at 1-800-474-2371). The arbitration will be limited solely to the dispute or controversy between Customer and Dell. Any award of the arbitrator(s) shall be final and binding on each of the parties, and may be entered as a judgment in any court of competent jurisdiction. Information may be obtained and claims may be filed at any office of the NAF or at P.O. Box 50191, Minneapolis, MN 55405. PROVIDED, HOWEVER, THAT THIS BINDING ARBITRATION REQUIREMENT DOES NOT APPLY TO CLAIMS AGAINST DELL ARISING UNDER THE APPLICABLE WRITTEN WARRANTY. SUCH CLAIMS MAY BE PURSUED IN ANY COURT OF COMPETENT JURISDICTION.

13. Applicable Law; Not For Resale. Customer agrees to comply with all applicable laws and regulations of the various states and of the United States. Customer agrees and represents that it is buying for its own internal use only, and not for resale. Dell has separate terms and conditions governing resale.

14. Service and Support. Dell endeavors to provide the best customer and technical support in the personal computer industry. For end user customers, Dell promises that its support will attempt to handle over the telephone any problem involving Dell products. However, Dell's support people may not be able to understand or resolve any given problem. Service offerings may vary from product to product. Dell has no obligation to provide service or support until Dell has received full payment for the product or services/support contract for which service or support is requested. Dell will make onsite service available to Customer in the United States in accordance with the then-current terms and conditions set by Dell and/or the third party service provider.

15. Headings. The section headings used herein are for convenience of reference only and do not form a part of these terms and conditions, and no construction or inference shall be derived therefrom.