# EXHIBIT D

# TO DELL'S MOTION

ROBERTS, RASPE & BLANTON LLP
Michael S. Blanton (SB#190148)
Union Bank Plaza
445 S. Figueroa Street, Suite 3200
Los Angeles, California 90071
Telephone:  (213) 430-4777
Facsimile:   (213) 430-4780

Attorneys for Petitioner
BANCTEC, INC.

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANCTEC, INC., an entity<br><br>    Petitioner,<br><br>vs.<br><br>PAMELA F. ALVAREZ<br><br>    Respondent. | CASE NO. C 06 5985 SC<br><br>PETITION TO COMPEL ARBITRATION PURSUANT TO AGREEMENT |

PETITIONER BancTec, Inc. ("Petitioner" or "BancTec") hereby alleges as follows:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court arises under 9 U.S.C. §§ 1, 2, and 4, and under 28 U.S.C. § 1332. The matter in controversy and the cost of implementing injunctive relief exceeds, exclusive of interest and costs, the sum of $75,000.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 9 U.S.C. § 4.

## INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil Local Rule 3-5(b) and 3-2(b)-(d), assignment of this matter to the San Francisco or Oakland Division is proper because this action arises in Mendocino County in that a substantial part of the events or omissions which give rise to the claims occurred in Mendocino County.

## PARTIES

4. BancTec is a corporation duly incorporated under the laws of the State of Delaware and its principal place of business is in the State of Texas.

5. BancTec is informed and believes that respondent Pamela F. Alvarez is a resident of Mendocino County, California

## FACTUAL BACKGROUND

6. Dell sells computer products directly to customers over the Internet and by telephone. The computer products come with a limited warranty, which customers may pay to extend. Dell also sells at-home computer repair service contracts on behalf of BancTec and QualXServ LLC ("QualXServ") (collectively "Service Providers"). Repair parts are provided under Dell's written warranty and labor under the Service Providers' separate service contracts.

7. At the time respondent purchased her computer, it was Dell's policy that, after a customer placed an order, Dell sends an Invoice (if a balance is due) or Acknowledgment confirming the order and detailing the transaction. The front of

the Invoice or Acknowledgment stated: "PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE." The reverse side showed the terms of the "Dell Terms and Conditions Agreement" ("Agreement") that apply to the purchase. Ex. A. Dell would send a separate copy of the Agreement when the computer equipment is delivered. Ex. B. The Agreement could also be viewed on Dell's website.

8. In large bold letters, the Agreement's title states it is the "Terms and Conditions Agreement" that applies to the purchase. Ex. B. Customers who purchase products from Dell do so subject to the Agreement. *Id.* The Agreement also instructs customers:

> **Please read this document carefully! It contains very important information about your rights and obligations, as well as limitations and exclusions that may apply to you. This document contains a dispute resolution clause.** [*Id.*, Ex. B, p. 1, 3 (emphasis in original).]

9. Dell informs its customers that purchasing from Dell creates certain obligations. The Agreement tells the customer that "[y]ou agree to be bound by and accept this agreement as applicable to your purchase of product(s) or service(s) from Dell. By accepting delivery of the computer systems and/or other products described on that invoice, Customer agrees to be bound by and accepts these terms and conditions." *Id.*, Ex. B, p. 3. Paragraph 7 of the Agreement, "Return Policies," informs customers that they can return the goods in accordance with Dell's Total Satisfaction Return Policy. *Id.*, Ex. B, p. 5. The Return Policy allows customers to return their order within 30 days of the invoice or acknowledgement date for a refund or credit, thereby allowing customers to reject the Agreement and the obligations it imposes. *Id.* Respondent was sent the Return Policy document with her computer equipment.

10. The Agreement's second numbered paragraph states in capital letters: "**Governing Law.** THIS AGREEMENT AND ANY SALES THEREUNDER SHALL BE GOVERNED BY THE LAWS OF THE STATE OF TEXAS, WITHOUT REGARD TO CONFLICTS OF LAWS RULES." [*Id.*, Ex. B, ¶2, p. 4.]

11. Paragraph 12 of the Agreement's contains the binding arbitration clause:

"**Binding Arbitration.** ANY CLAIM, DISPUTE, OR CONTROVERSY (WHETHER IN CONTRACT, TORT, OR OTHERWISE, WHETHER PREEXISTING, PRESENT OR FUTURE, AND INCLUDING STATUTORY, COMMON LAW, INTENTIONAL TORT, AND EQUITABLE CLAIMS) AGAINST DELL, its agents, employees, successors, assigns or affiliates (collectively for purposes of this paragraph, "Dell"), arising from or relating to this Agreement, its interpretation, or the breach, termination, or validity thereof, the relationships which result from this Agreement (including, to the full extent permitted by applicable law, relationships with third parties who are not signatories to this Agreement), Dell's advertising, or any related purchase SHALL BE RESOLVED EXCLUSIVELY AND FINALLY BY BINDING ARBITRATION ADMINISTERED BY THE NATIONAL ARBITRATION FORUM (NAF) under its Code of Procedure then in effect (available via the Internet at http://www.arb-forum.com, or via telephone at 1-800-474-2371). The arbitration will be limited solely to the **dispute or controversy between Customer and Dell**. Any award of the arbitrator(s) shall be final and binding on each of the parties and may be entered as a judgment in any court of competent jurisdiction. Information may be obtained and claims may be filed at any office of the NAF or at P.O. Box 50191, Minneapolis, MN 55405. PROVIDED, HOWEVER, THAT THIS BINDING ARBITRATION REQUIREMENT DOES NOT APPLY TO CLAIMS AGAINST DELL ARISING UNDER THE APPLICABLE WRITTEN WARRANTY: SUCH CLAIMS MAY BE PURSUED IN ANY COURT OF COMPETENT JURISDICTION." [*Id.*, Ex. B, ¶12, p. 6. (emphasis added)]

12. On May 25, 2001, Respondent Alvarez purchased a Dell computer system, an extended limited warranty, and a third party on-site service contract with BancTec. Ex. C. When Respondent ordered her computer and service contract she

had three chances to review and reject the Agreement before becoming bound by it. First, she could have viewed the Agreement on Dell's website before or after she ordered. Second, she received a copy of the Agreement on the back of her Acknowledgement after she placed her order and she could have cancelled her order then. Third, an additional copy of the Agreement arrived with the computer equipment. Ex. B. Respondent could have rejected the Agreement by returning her computer within thirty days. Ex. B, ¶ 7, p. 5. Instead, Respondent chose to keep her computer. Respondent later experienced computer problems and decided to sue. The First Amended Complaint for Damages and Equitable Relief ("Amended Complaint") asserts claims based on Petitioners' alleged failure to provide next-day repair service and top quality, new replacement parts.

13. Respondent originally filed a complaint against Petitioner on July 29, 2004 in the Superior Court of California, County of Mendocino. On August 22, 2006, Respondent filed an Amended Complaint, removing its Texas law claims and instead including claims based on California law. Respondent also sought additional injunctive relief in the Amended Complaint. Despite contractually agreeing to individually arbitrate her claim, Respondent Alvarez seeks to prosecute her claim on behalf of a class.

14. On September 21, 2006, Petitioner made a written demand to arbitrate Respondent Alvarez's claims on an individual basis. Ex. D. Respondent did not reply.

## CLAIM FOR ORDER TO COMPEL ARBITRATION

15. Petitioners incorporate paragraphs 1 through 14 by reference as though fully set forth herein.

16. 9 U.S.C. § 2 governs a "contract evidencing a transaction involving commerce" if that contract includes a written arbitration clause. The arbitration clause at issue here is in a written contract for the interstate sale of a computer from

Texas or Tennessee to Respondent, a California resident.

17. The Federal Arbitration Act ("FAA") favors enforcement of contracts as written. Section 4 of the FAA states that the federal district courts petitioned to compel arbitration will do so in "accordance with the terms of the agreement." 9 U.S.C. § 4.

18. A dispute has arisen concerning Petitioner's alleged failure to provide next-day repair service and top quality, new replacement parts.

19. In the First Amended Complaint, Respondent seeks extensive injunctive relief pursuant to two of its claims. Implementing the injunctive relief sought by Respondent will require Dell to restructure its warranty repair program and revise the representations made regarding the program including but not limited to Dell's print and television advertisements concerning their products and services. Respondent also seeks detailed disclosures to the public of Dell's past and current practices.

20. The cost of implementing the injunctive relief requested by Respondent Alvarez will exceed $75,000.

21. On September 21, 2006, Petitioner made a written demand to arbitrate Respondent Alvarez's claims on an individual basis. Ex. D. No replies were made to such demand, nor have any steps been taken by Respondent to proceed to arbitration in the manner provided in the Agreement. Respondent failed and neglected, and continues to fail and neglect, to perform under the terms of the Agreement and take any measures to settle the controversy.

22. Accordingly, Petitioner moves for an order directing Respondent to proceed to arbitration.

## RELIEF

For the reasons set forth above, Petitioner respectfully requests that the Court grant this petition and the relief requested as follows:

23. An order directing Respondent to proceed to arbitration in accordance with the terms of the Agreement.

DATED: September 25, 2006          ROBERTS, RASPE & BLANTON, LLP
                                   MICHAEL S. BLANTON


By: _____
    Michael S. Blanton
    Attorneys for Petitioner

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

In order to permit the Judges of this Court to evaluate any need for disqualification or recusal and pursuant to Civil Local Rule 3-16, the undersigned certifies on behalf of BancTec, Inc., that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporation) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the proceeding:

        BancTec Intermediate Holding, Inc. - - BancTec, Inc. is a wholly owned subsidiary of BancTec Intermediate Holding, Inc.

DATED: September 25, 2006    ROBERTS, RASPE & BLANTON, LLP
                                      MICHAEL S. BLANTON

By: _____
            Michael S. Blanton
            Attorneys for Petitioner

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, the undersigned certifies that as of this date, BancTec, Inc. is a wholly owned subsidiary of BancTec Intermediate Holding, Inc.

DATED: September 25, 2006          ROBERTS, RASPE & BLANTON, LLP
                                   MICHAEL S. BLANTON


                                   By: _____
                                       Michael S. Blanton
                                       Attorneys for Petitioner