# EXHIBIT H

BRIAN R. STRANGE (SBN 103252)
GRETCHEN CARPENTER (SBN 180525)
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Telephone:    310-207-5055
Fax:             310-826-3210

RANDALL S. ROTHSCHILD (SBN 101301)
12100 Wilshire Blvd., Suite 1600
Los Angeles, CA 90025-710
Telephone:    310-207-8530
Fax:             310-207-3230

JOHN BEHNKE  (SBN 78720)
CARTER, BEHNKE, OGLESBY & BACIK
169 Mason Street, Suite 300
P.O. Box 720
Ukiah, CA 95482
Telephone:    707-462-6694
Fax:             707-462-7839

ENDORSED-FILED

JUL 2 8 2004

CLERK OF MENDOCINO COUNTY
SUPERIOR COURT OF CALIFORNIA

RECEIVED

JUL 29 2004

Attorneys for Plaintiff Pamela Alvarez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MENDOCINO

| | |
|---|---|
| PAMELA F. ALVAREZ, on behalf of herself and all others similarly situated, | Unlimited. |
| Plaintiffs, | Case No. |
| vs. | SCUKCVG '04 92 92 1 (Class Action) |
| DELL INC., a corporation; BANCTEC, INC., a corporation; QUALXSERV LLC; DELL CATALOG SALES, L.P., an entity; DELL PRODUCTS, L.P., an entity; and Does 1 Through 100, | **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF** |
| Defendants. | |

Plaintiff Pamela Alvarez, on behalf of herself and all others similarly situated, alleges on

information and belief:

CASE MANAGEMENT STMT DUE ____

SUBJECT TO LOCAL RULES OF COURT

## NATURE OF THE CASE

1. This is a class action brought by Plaintiff on behalf of herself and all other persons in the United States who have purchased desktop or notebook computer systems manufactured by Dell Inc., and who also received onsite or mail-in warranties, including extended warranties, from Defendants.

2. The basic allegations in this case involve the breach of Defendants' written warranty obligations as follows: (1) Defendants do not provide "next business day at-home" warranty repair service with a live technician to repair or replace defective computer systems under warranty even though they represent that they do; (2) Defendants do not provide onsite warranty service to fix computer problems unless a replacement part is needed even though they represent that they do; (3) Dell Inc. does not provide warranty repair or replacement service one business day after it receives a broken notebook computer system by mail even though it represents that it does; (4) Defendants do not provide top quality, new replacement parts and components to fulfill their warranty obligations as promised but instead use recycled and used parts and components; and (5) Defendants' misleading and deceptive business practices are never clearly and conspicuously disclosed to their unsuspecting customers.

## PARTIES

3. Plaintiff Pamela Alvarez is a resident of Mendocino County, California who purchased a Dell computer in May, 2001 with a written warranty that included the right to have "Next-Business-Day At-Home Service" with a live technician for the life of her warranty. **(Hereafter, the next business day at-home warranty is also interchangeably referred to as the "onsite warranty.")** She also purchased an extension of this warranty covering a number of years, and received a written extended warranty. Under the written warranty and extended warranty, Defendants Dell Inc. and BancTec Inc. were obligated to provide service and replacement parts and components to plaintiff Alvarez and other members of the class, and Dell Inc. and BancTec Inc. actually did provide warranty repair service and replacement parts and components to her and other members of the plaintiff subclass, although not the

2

1   next business day and not with brand new parts. Defendants Dell Inc. and QualxServ LLC

2   were obligated to provide warranty repair service and replacement parts and components to

3   other members of the plaintiff class, and Dell Inc. and QualxServ LLC actually did provide

4   warranty repair service and replacement parts and components to other members of the

5   plaintiff subclass.

6   4.   Plaintiff is informed and believes and thereon alleges that defendant Dell Inc. is a corporation

7        organized under the laws of the State of Delaware, with its principal place of business in

8        Round Rock, Texas, and was formerly known as "Dell Computer Corporation." Dell Inc.

9        transacts business in the State of California and in all states throughout the United States.

10       Dell Inc. is engaged in the business of manufacturing, marketing, selling, maintaining,

11       repairing, servicing, and providing support for computer systems and computer products.

12       Dell Inc. is also engaged in the business of marketing and selling warranties, including

13       extended warranties, to purchasers of its computer systems, and in providing warranty

14       service and repair, including replacement parts and components.

15  5.   Plaintiff is informed and believes and thereon alleges that defendants Dell Catalog Sales,

16       L.P. and Dell Products, L.P. are wholly-owned subsidiaries and/or affiliates through which

17       Dell Inc., at times, does business. Each of the foregoing Dell Defendants has been or is the

18       principal, agent, employee, representative, partner, joint venturer and/or co-conspirator of

19       each of the other Dell Defendants and in such capacity or capacities participated in the acts

20       or conduct alleged herein and incurred liability therefor. Further, Plaintiff is informed and

21       believes and thereon alleges that Defendants Dell Catalog Sales, L.P. and Dell Products, L.P.

22       are, and at all times herein mentioned were, the alter egos of Defendant Dell Inc., and there

23       exists, and at all times herein mentioned has existed, a unity of interest and ownership

24       between such Dell defendants such that any separateness between them has ceased to exist,

25       in that defendant Dell Inc. completely controls, dominates, manages, and operates Dell

26       Catalog Sales, L.P. and Dell Products, L.P. to the detriment of Plaintiff and plaintiff class

27       members. Adherence to the fiction of the existence of Dell Catalog Sales, L.P. and Dell

28       Products, L.P. as entities separate and distinct from Dell Inc. would permit an abuse of

3

1    corporate privileges and would sanction a fraud and promote injustice. (Dell Inc., Dell

2    Catalog Sales, L.P. and Dell Products, L.P. will hereafter collectively be referred to as

3    "**Dell.**")

4  6.  Plaintiff is informed and believes and thereon alleges that Dell sells its desktop and notebook

5    computer systems with a warranty that remains in effect for up to a year depending on the

6    system. The price for these warranties is included in the price of the computer system.

7    These warranties are sent to customers in writing. Some of the warranties applicable to

8    desktop and notebook computer systems provide the right to receive next business day at-

9    home, or onsite, warranty repair service with a live technician if the computer develops a

10    problem. Other warranties applicable to notebook computer systems require the customer

11    to mail-in the system to Dell and provides the right to receive warranty repair and

12    replacement service within one day after Dell receives the system.

13  7.  Dell aggressively markets and sells extensions of these onsite and mail-in warranties for two

14    to four years. (These extended warranties will hereafter be referred to as "**Extended**

15    **Warranties**" or "**Extended Warranty**.") The price for the Extended Warranties depends

16    upon the length of the agreement. With regard to the onsite Extended Warranties, defendants

17    BancTec Inc. and QualxServ LLC also jointly sell and market these warranties with Dell.

18    In addition, Defendants Dell, BancTec and QualxServ provide onsite warranty repair work

19    and replacement parts and components under the onsite warranties, including the onsite

20    Extended Warranties.

21  8.  Plaintiff is informed and believes and thereon alleges that defendant BancTec, Inc.

22    ("**BancTec**") is a corporation organized under the laws of the State of Delaware with its

23    principal place of business located in Irving, Texas, and which was previously merged with

24    a related company called "BancTec Service Corp." Plaintiff is informed and believes and

25    thereon alleges that BancTec transacts business in the State of California and in all states

26    throughout the United States. Plaintiff is informed and believes and thereon alleges that

27    BancTec, along with Dell, is engaged in the business of maintaining, repairing, servicing, and

28    providing warranties and warranty support (including providing replacement parts and

4

components) for Dell computer systems. Plaintiff is also informed and believes and thereon alleges that BancTec, along with Dell, is engaged in the business of marketing and selling onsite Extended warranties to purchasers of Dell computer systems.

9. Plaintiff is informed and believes and thereon alleges that defendant QualxServ LLC ("**QualxServ**") is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Tewksbury, Massachusetts. Plaintiff is informed and believes and thereon alleges that QualxServ transacts business in the State of California and in all states throughout the United States. Plaintiff is informed and believes and thereon alleges that QualxServ is engaged in the business of maintaining, repairing, servicing, and providing warranties and warranty support (including providing replacement parts and components) for Dell computer systems. Plaintiff is also informed and believes that QualxServ, along with Dell, is engaged in the business of marketing and selling onsite warranties to purchasers of Dell computer systems.

10. The Defendants designated herein as Does 1 through 100 are presently unknown to Plaintiff. The true names, identities and capacities, and the respective relationship of the Doe Defendants to the known Defendants are presently unknown to Plaintiff, who sues said Doe Defendants by such fictitious names. The Doe Defendants are believed to be individuals or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known Defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's and plaintiff class members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities upon ascertaining the same. The Doe Defendants and the known defendants are referred to hereinafter collectively as Defendants.

11. With respect to the onsite warranties, including the onsite Extended Warranties, each of the Defendants has been or is the principal, agent, employee, representative, partner, joint venturer and/or co-conspirator of each of the other Defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor.

1   Further, at all times relevant hereto, each of the Defendants has been or is the agent, partner

2   and/or joint venturer of each other Defendant with respect to the marketing and selling of the

3   onsite warranties, including the onsite Extended Warranties, as well as the servicing,

4   providing, repairing and replacing of computer parts and components under the onsite

5   warranties, including the onsite Extended Warranties. Each Defendant derived, accepted and

6   retained monetary profits and benefits from the onsite warranties, including the onsite

7   Extended Warranties. Further, each of the Defendants acted for and on behalf of each other

8   Defendant with respect to the onsite warranties, with actual and apparent authority to act, and

9   did so within the course and scope of their agency, partnership, joint venture and/or authority.

10   With regard to the specific onsite warranties, representations and agreements alleged herein,

11   each was made with the knowledge, consent, authorization, ratification and approval of each

12   of the Defendants.

13   12.   Despite the allegations that Defendants have breached the Magnuson-Moss Warranty Act,

14   there is no federal question jurisdiction over this class action, since there are not at least one

15   hundred named Plaintiffs. (*See* 15 U.S.C. § 2310(d)(3)(c).)

16   ## GENERAL ALLEGATIONS

17   13.   Plaintiff is informed and believes and thereon alleges that all plaintiff class members entered

18   into substantially identical transactions involving either onsite or mail-in warranties,

19   including the Extended Warranties, with substantially similar sales documentation with

20   Defendants. Plaintiff is informed and believes and thereon alleges that the sales

21   documentation states that Texas law governs the parties' relationship and all other

22   documentation provided by Defendants states that Texas law applies. Therefore, Texas law

23   applies with respect to Plaintiff and plaintiff class members' substantive claims, such that

24   there are no individual issues of law applicable to certain plaintiff class members. While

25   Plaintiff's and plaintiff class members' substantive claims arise under Texas law, however,

26   Plaintiff specifically reserve their right to argue that Texas law does not apply with respect

27   to specific issues involved in this case.

28

6

Complaint

1

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action on behalf of herself, the general public, and all others similarly situated as a representative of the following class: all persons in the United States who have purchased desktop or notebook computer systems manufactured by Dell and who also received onsite or mail-in warranties, including Extended Warranties, from Defendants. The class includes a subclass of those persons who actually received replacement parts and/or components under their warranties and/or who did not receive next business day onsite or mail-in warranty repair service. Excluded from the class are employees of Defendants, their officers, directors, subsidiaries and affiliates.

15. Plaintiff is a member of the class and subclass.

16. Members of the class and subclass are so numerous that joinder of all members is impracticable. Plaintiff does not know the exact size of the class or subclass, since such information is in the exclusive control of Defendants. The exact number, however, may be determined by appropriate discovery. Plaintiff believes that the class members number at least 500,000 and that subclass members number at least in the thousands as well.

17. There are questions of fact and law common to the class and subclass, which common questions predominate over any questions affecting only individual members. Those common questions include whether Defendants engaged in the following conduct and whether such conduct is improper and illegal:

    A.    Failing to provide next business day onsite service under their onsite warranties.

    B.    Failing to provide next business day onsite service under their onsite warranties when a part does not need replacing.

    C.    Failing to provide repair or replacement service one business day after receipt of a system mailed to a repair facility under the mail-in warranties.

    D.    Failing to provide new replacement parts and components and instead using used and recycled replacement parts and components under their onsite warranties.

    E.    Failing to clearly and conspicuously disclose to Plaintiff and plaintiff class members prior to and after the purchase of Defendants' onsite Extended Warranties that

7

1    Defendants use recycled and used parts and components to fulfill their obligations

2    under their written onsite Extended Warranties rather than brand new ones.

3    F.   Failing to clearly and conspicuously disclose to Plaintiff and plaintiff class members

4         prior to and after the purchase of Defendants' Extended Warranties that they will not

5         obtain next business day onsite or mail-in warranty repair service.

6    G.   Inducing customers to purchase Extended Warranties by misrepresenting, misleading

7         or deceiving them that (1) a live technician will appear at their home within one

8         business day of reporting a problem; that (2) a system will be repaired or replaced

9         within one business day from the date a system is received at a mail-in repair facility;

10        and that (3) brand new replacement parts and components will be used rather than

11        recycled or used ones.

12   H.   Representing that the monetary value of a used part or component is worth the same

13        as or more than a brand new part or component.

14   I.   Misleading and deceiving customers that a used part or component is the equivalent

15        performance-wise to a brand new part or component.

16   J.   Whether Defendants are liable for breach of express warranty.

17   K.   Whether Defendants are liable for breach of contract.

18   L.   Whether Defendants violated the Texas Deceptive Trade Practices-Consumer

19        Protection Act, Texas Business and Commerce Code sections 17.41, *et seq*.

20   M.   Whether Defendants are liable for fraud.

21   N.   Whether Defendants were unjustly enriched by their wrongful conduct.

22   O.   Whether Defendants are liable under the Magnuson-Moss Warranty Act.

23   P.   Whether Defendants are obligated to provide top quality parts and components when

24        fulfilling their warranty obligations.

25   Q.   Whether Defendants are obligated to provide new parts and components when

26        fulfilling their warranty obligations.

27   R.   Whether Defendants are obligated to provide next business day onsite and mail-in

28        warranty repair service under their warranty obligations.

8

18. Plaintiff can and will fairly and adequately represent and protect the interests of the class and has no interests that conflict with or are antagonistic to the interests of the class. Plaintiff has retained experienced and competent attorneys who are capable of representing the interests of the class.

19. All class members have the same legal rights to, and interest in, the fair treatment by Defendants and the proper interpretation and implementation of the onsite and mail-in warranties, including Extended Warranties (which are substantially similar, if not identical, for Plaintiff and plaintiff class members).

20. The class action is an appropriate method for fair and efficient adjudication of the controversy given the following:

    A. Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class wide instead of a repetitive individual basis;

    B. Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

    C. Despite the relatively small size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    D. No unusual difficulties are likely to be encountered in the management of this class action in that all or substantially all questions of law or fact to be litigated at the liability stage are common to the class.

21. Class certification is fair and efficient as well because prosecution of separate actions would create a risk of adjudications with respect to individual members of the class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

22. Class certification is appropriate because Defendants have acted on grounds generally

1      applicable to the class.

2      <u>First Cause of Action for Breach of Express Warranty (Tex. Bus. & Com. § 2.313)</u>

3      **(Plaintiff and Plaintiff Subclass Members Against All Defendants)**

4   23.    Plaintiff realleges paragraphs 1 through 22 and incorporates same by reference as though

5      fully set forth herein.

6   24.    At all times herein alleged, Dell was a manufacturer and seller or merchant of goods for

7      purposes of this claim. Defendants BancTec and QualxServ, at all times alleged herein, were

8      also sellers or merchants of goods with respect to the onsite warranties, including Extended

9      Warranties, and the replacement parts and components under the onsite warranties, including

10     the onsite Extended Warranties.

11  25.    At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or

12     joint venturer of each other Defendant with respect to the marketing and selling of the onsite

13     warranties, including the onsite Extended Warranties, as well as the servicing, providing,

14     repairing and replacing of computer parts and components under the onsite warranties,

15     including the onsite Extended Warranties. Each Defendant derived, accepted and retained

16     monetary profits and benefits resulting from the sale of the onsite warranties. Further, with

17     respect to the onsite warranties, each of these Defendants acted for and on behalf of each

18     other Defendant with actual and apparent authority to act, and did so within the course and

19     scope of their agency, partnership, joint venture and/or authority. With regard to the specific

20     onsite warranties alleged herein, each warranty was made with the knowledge, consent,

21     authorization, ratification and approval of each Defendant.

22  26.    Dell and/or Defendants made the following express affirmations of fact, promises and

23     descriptions to Plaintiff and plaintiff subclass members in writing in connection with the sale

24     of the Dell desktop computers and notebooks in issue:

25     A.    <u>That Defendants would provide next business day onsite warranty repair by a live</u>

26           <u>technician under their onsite warranties, including under the onsite Extended</u>

27           <u>Warranties.</u> Dell made this warranty on behalf of itself and the other Defendants on

28           its Web site, mail order catalog, and sales documentation. Defendants also made this

representation through, ostensibly, BancTec and/or QualxServ in a written warranty document. Defendants delivered this warranty document to Plaintiff Alvarez and plaintiff subclass members at or around the time their computers were delivered.

B. That Defendants would provide onsite warranty repair to fix computer problems, even if a part did not need replacing under their onsite warranties, including the onsite Extended Warranties. Dell made this warranty on behalf of itself and the other Defendants on its Web site, mail order catalog, and sales documentation. Defendants also made this representation through, ostensibly, BancTec and/or QualxServ in a written warranty document. Defendants delivered this warranty document to Plaintiff Alvarez and plaintiff subclass members at or around the time their computers were delivered.

C. That Dell would provide repair or replacement service one business day after receipt of a system mailed to its repair facility under Dell's mail-in warranties, including the mail-in Extended Warranties. Dell made this warranty in a written warranty document. Dell delivered this warranty document to plaintiff class members at or around the time their notebook computer systems were delivered.

D. That Defendants would use only top quality replacement parts and components for warranty repairs under their onsite warranties, including the onsite Extended Warranties. Dell made this warranty on behalf of itself and the other Defendants on its Web site and mail order catalog.

E. That Defendants would use new replacement parts and components for warranty repairs under their onsite warranties, including the onsite Extended Warranties. Dell made this warranty on behalf of itself and the other Defendants in its sales documentation, and on its Web site and mail order catalog through the presentation and adoption of a customer testimonial that stated as follows: "I called your service number as I was having a problem with my keyboard .... almost exactly 24 hours later a *new* keyboard was delivered to my door." (Emphasis added.)

F. That the parts and components Plaintiff and plaintiff subclass members received as

11

Complaint

1
2
3
4
5

replacement parts and components under their onsite warranties, including the onsite Extended Warranties, were new. Dell made this warranty on behalf of itself and the other Defendants through the invoice that was sent to Plaintiff and plaintiff subclass members at or around the time the replacement part and component was delivered that listed the value of the part or component as new.

6   27.   These affirmations, promises, and descriptions were made a part of the basis of the bargain
7         between Plaintiff and plaintiff subclass members, and Defendants, and constituted express
8         warranties under Texas Business and Commerce Code section 2.313. Further, Defendants
9         had superior information peculiarly within their knowledge of these affirmations, promises,
10        and descriptions as Defendants were the ones marketing and offering the warranties to the
11        public, including to Plaintiff and plaintiff subclass members.

12  28.   Defendants breached these express warranties because these affirmations, promises, and
13        descriptions were untrue in that: Defendants did not provide next business day onsite
14        warranty repair service with a live technician; Defendants did not provide onsite warranty
15        repair service for a computer problem that did not involve a replacement part; Dell did not
16        provide repair or replacement warranty service one business day after receipt of a system by
17        mail at a repair facility; Defendants did not provide top quality, new replacement parts and
18        components; and the replacement parts and components Defendants provided were not of the
19        same condition, durability, quality and value as top quality, new parts and components.

20  29.   At the time the warranties were provided to Plaintiff and plaintiff subclass members,
21        Defendants, and each of them, knew that the warranties did not conform to the foregoing
22        warranties made to their customers, including to Plaintiff and plaintiff subclass members.

23  30.   Plaintiff alleges that notice of Defendants' breaches is not required in this case.
24        Nevertheless, notice of the breaches was provided to Defendants within a reasonable time
25        after discovery of the breaches. Specifically, Plaintiff provided notices of breach within a
26        reasonable time after she discovered the breaches of warranty.

27  31.   As a proximate result of Defendants' breaches of warranty, Plaintiff and plaintiff subclass
28        members have been damaged in an amount to be proven at trial.

12

**Second Cause of Action for Breach of Express Warranty (Common Law)**

**(Plaintiff and Plaintiff Subclass Members Against All Defendants)**

32. Plaintiff realleges paragraphs 1 through 22 and 24 through 29, and incorporates same by reference as though fully set forth herein.

33. Defendants breached these express warranties because these affirmations, promises, and descriptions were untrue in that: Defendants did not provide next business day onsite warranty repair service with a live technician; Defendants did not provide onsite warranty repair service for a computer problem that did not involve a replacement part; Dell did not provide repair or replacement warranty service one business day after receipt of a system by mail at a repair facility; Defendants did not provide top quality, new replacement parts and components; and the replacement parts and components Defendants provided were not of the same condition, durability, quality and value as top quality, new parts and components.

34. At the time the warranties were provided to Plaintiff and plaintiff subclass members, Defendants, and each of them, knew that the warranties did not conform to the foregoing warranties made to their customers, including to Plaintiff and plaintiff subclass members.

35. Plaintiff alleges that notice of Defendants' breaches is not required in this case. Nevertheless, notice of the breaches was provided to Defendants within a reasonable time after discovery of the breaches. Specifically, Plaintiff provided notice of breach within a reasonable time after she discovered the breaches of warranty.

36. As a proximate result of Defendants' breaches of warranty, Plaintiff and plaintiff subclass members have been damaged in an amount to be proven at trial.

**Third Cause of Action for Breach of Written Agreement**

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

37. Plaintiff realleges paragraphs 1 through 22, 24, and 26 through 29, and incorporates same by reference as though fully set forth herein.

38. At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the marketing and selling of the onsite warranties, including the onsite Extended Warranties, as well as the servicing, providing,

13

repairing and replacing of computer parts and components under the onsite warranties, including the onsite Extended Warranties. Each Defendant derived, accepted and retained monetary profits and benefits resulting from the sale of the onsite warranties. With respect to the specific agreements alleged herein, each of these Defendants acted for and on behalf of each other Defendant with actual and apparent authority to act, and did so within the course and scope of their agency, partnership, joint venture and/or authority. Further, with regard to the specific agreements alleged herein, each agreement was made with the knowledge, consent, authorization, ratification and approval of each of the Defendants.

39. Plaintiff Alvarez and plaintiff class members, on the one hand, and Defendants, on the other, entered into written warranty agreements. These agreements were of two types, onsite warranty agreements (all Defendants) and mail-in warranty agreements (Dell only). These agreements were entered into in connection with the sale of the computers and notebooks in issue. Defendants also sold extensions of these agreements. Plaintiff Alvarez entered into a written agreement with Defendants for both the onsite warranty and the onsite Extended Warranty.

40. Plaintiff Alvarez and plaintiff class members, on the one hand, and Defendants, on the other, entered into two separate written agreements for onsite warranty repairs. One was through Dell's Web site and mail order catalog. In writing, Dell, on behalf of itself and on behalf of all Defendants, offered to provide Plaintiff and plaintiff class members onsite warranties and/or onsite Extended Warranties.

41. As described in writing on Dell's Web site and mail order catalogs, Defendants promised and agreed to the following uniform material terms with respect to the onsite warranties and onsite Extended Warranties: Defendants will provide next business day onsite warranty service by a live technician for warranty repair; Defendants will provide onsite warranty repair service to fix computer problems even if a part did not need to be replaced; Defendants will use only top quality replacement parts and components for warranty repairs; and Defendants will use new replacement parts and components for warranty repairs.

42. Plaintiff Alvarez and plaintiff class members accepted the terms of this offer on Dell's Web

site and mail order catalogs by purchasing their computers/onsite warranties and onsite Extended Warranties. To the extent this agreement is ambiguous and/or uncertain as to whether new replacement parts and components were required to be used for warranty repairs, a reasonable consumer would understand the agreement as requiring Defendants to use brand new replacement parts and components rather than recycled or used ones.

43. The second written agreement Plaintiff Alvarez and plaintiff class members entered into with Defendants consisted of a written, pre-printed standardized adhesion warranty contract prepared by Defendants. Defendants uniformly send this same written warranty agreement to each customer who purchased a computer/onsite warranty and or onsite Extended Warranty, and Defendants did in fact send one to Plaintiff Alvarez and plaintiff class members at or around the time their computers were delivered. Plaintiff Alvarez and plaintiff class members did not and could not negotiate any term of this agreement, and had no bargaining power over its terms as they were strictly dictated by Defendants.

44. In this written warranty agreement, Defendants promised and agreed to provide Plaintiff Alvarez and plaintiff class members with the following under their onsite warranties and/or onsite Extended Warranties: (1) next business day onsite warranty repair service with a live technician, (2) warranty repair service to fix computer problems even if a part did not need to be replaced, and (3) replacement parts and components for warranty repairs. Plaintiff and plaintiff class members allege that this agreement is ambiguous and/or uncertain with regard to replacement parts and components, and therefore, the proper construction of this agreement is that new replacement parts and components are required to be used. Plaintiff also alleges that a reasonable consumer would interpret this agreement as requiring that warranty repairs would be made with new replacement parts and components, not used or recycled ones. Further, Plaintiff alleges that Defendants had an obligation to disclose in the written warranty agreement that used parts were used for warranty repairs, which they failed to do.

45. Similar to the onsite warranty agreements, plaintiff class members, on the one hand, and Dell, on the other, entered into a written warranty agreement for mail-in warranty repairs for

some notebooks. The mail-in warranty repair agreement consisted of a written, pre-printed standardized adhesion warranty contract prepared by Dell. Dell uniformly sent this same warranty agreement to each customer who purchased a notebook with a mail-in warranty and/or mail-in Extended Warranty at or around the time their computers were delivered. Plaintiff class members did not and could not negotiate any term of this agreement, and had no bargaining power over its terms as they were strictly dictated by Defendants. Under this written warranty agreement, Dell promised and agreed to provide plaintiff class members with repair or replacement service one business day after receipt of a system mailed to its repair facility.

46. Plaintiff and plaintiff class members fulfilled all of their obligations under the agreements, including all conditions, covenants, and promises, except those that were excused as a result of Defendants' breach of their obligations thereunder.

47. In breach of the onsite warranty agreements alleged above, Defendants failed to provide next business day at-home warranty repair service with a live technician; failed to provide onsite warranty repair service to fix computer problems even if a part did not need to be replaced; failed to provide top quality replacement parts and components in fulfilling their warranty obligations; failed to provide new replacement parts and components in fulfilling their warranty obligations; and failed to disclose that used parts were used for warranty repairs.

48. In breach of the mail-in agreements alleged above, Dell failed to provide plaintiff class members repair or replacement service one business day after receipt of their systems by mail to a repair facility.

49. As a proximate result of Defendants' breaches, Plaintiff and plaintiff class members have been damaged in an amount to be proven at trial.

### Fourth Cause of Action for Violation of the Magnuson-Moss Warranty Act

### (Plaintiff and Plaintiff Class Members Against All Defendants)

50. Plaintiff realleges paragraphs 1 through 22, 26 through 30, and 33 through 35, and incorporates same by reference as though fully set forth herein.

51. Plaintiff and plaintiff class members were "consumers" as defined under the Magnuson-Moss

Warranty Act ("Act"). The computers sold to Plaintiff and plaintiff class members were "consumer products" as defined under the Act.

52. At all times herein alleged, defendant Dell is a "supplier" as that term is defined in the Act. Defendants BancTec and QualxServ, at all times alleged herein, were also "suppliers" with respect to the onsite warranties, including the onsite Extended Warranties, and the replacement parts and components.

53. At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the marketing and selling of the onsite warranties, including the Extended Warranties, as well as the servicing, repairing and replacing of computer parts and components under the onsite warranties, including the onsite Extended Warranties. Each Defendant derived, accepted and retained monetary profits and benefits resulting from the sale of the onsite warranties, including the onsite Extended Warranties. Further, each of the Defendants acted for and on behalf of each other Defendant with actual and apparent authority to act, and did so within the course and scope of their agency, partnership, joint venture and/or authority. With regard to the specific warranties alleged herein, each warranty was made with the knowledge, consent, authorization, ratification and approval of each of the Defendants.

54. Defendants made an "undertaking in writing" in connection with the sale of consumer products to Plaintiff and plaintiff class members "to refund, repair, replace, or take other remedial actions with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking."

55. Among the duties undertaken in writing by Defendants was the obligation to replace defective parts and components or units in the event such parts and components or units malfunctioned. The undertaking to replace defective parts and components or units included the obligation to furnish new parts and components or units with respect to the onsite warranties, including the onsite Extended Warranties.

56. Defendants also undertook under the onsite warranties, including the onsite Extended Warranties, to provide next day at home service with a live technician, to provide such

17

service even if a part or component did not need to be replaced, and to use new parts and components and replacements units when repairing Plaintiff's and plaintiff class members' computers.   With respect to the mail-in warranties, including the mail-in Extended Warranties, Dell undertook to repair a computer system within one business day of receipt of such system at its repair facility.

57.   The foregoing written undertakings constitute "written warranties" as that term is defined in the Act.

58.   The undertakings were part of the basis of the bargain between Defendants and Plaintiff and plaintiff class members for purposes other than resale of the product.

59.   Defendants failed to comply with their obligations under the onsite warranties, including the Extended Warranties, by:  failing to provide next business day onsite service with a live technician; failing to provide onsite service unless a part or component needed replacing; and using recycled and used parts and components rather than new parts and components in fulfilling their undertakings.  Dell failed to comply with its obligations under the mail-in warranties, including the mail-in Extended Warranties, by failing to repair computer systems within one business day of receipt of such systems at its repair facility.

60.   By so doing, Defendants breached their obligations under the written warranty.

61.   To the extent the undertaking is not deemed to be a written warranty but a "service agreement" under the Act, Defendants breached their obligations under such service agreement in the same manner as alleged above with the written warranty.

62.   Plaintiff and plaintiff class members have been damaged by Defendants' failure to comply with their obligations under the written warranty or service agreement.

63.   Plaintiff is entitled to attorneys' fees and costs in prosecuting this action.

### Fifth Cause of Action for Relief under Texas Business and
### Commerce Code sections 17.50, *et seq.*
**(Plaintiff and Plaintiff Class Members Against All Defendants)**

64.   Plaintiff realleges paragraphs 1 through 22, 26 through 30, 33 through 35, and 38 through 48, and incorporates same by reference as though fully set forth herein.

18

Complaint

65. At all times relevant hereto, each of the Defendants has been or is the agent, partner and/or joint venturer of each other Defendant with respect to the marketing and selling of the onsite Extended Warranties as well as the servicing, repairing and replacing of computer parts and components under the onsite warranties, including the onsite Extended Warranties. Each Defendant derived, accepted and retained monetary profits and benefits resulting from the sale of the onsite warranties, including the onsite Extended Warranties. Further, each of the Defendants acted for and on behalf of each other Defendant with actual and apparent authority to act, and did so within the course and scope of their agency, partnership, joint venture and/or authority. With regard to the specific warranties alleged herein, each warranty was made with the knowledge, consent, authorization, ratification and approval of each of the Defendants.

66. Texas Business and Commerce Code section 17.50 is part of Texas'    Deceptive Trade Practices-Consumer Protection Act ("DTPA") and provides in relevant part:

"(a) A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment;. . .

(2) breach of an express or implied warranty; [or]

(3) any unconscionable action or course of action by any person . . . ."

67. In doing the acts alleged above, Defendants breached express warranties, in violation of Texas Business and Commerce Code section 17.50(a)(2).

68. In doing the acts alleged above, Defendants also engaged in an unconscionable action or course of action, in violation of Texas Business and Commerce Code section 17.50(a)(3). Specifically, Defendants engaged in acts or practices which, to Plaintiff's and plaintiff class members' detriment, took advantage of the lack of knowledge, ability, experience or capacity

1    of Plaintiff and plaintiff class members to a grossly unfair degree. Defendants'

2    unconscionable actions and courses of action include but are not limited to, the following,

3    which is set forth more fully above: Defendants misrepresented and deceived customers into

4    believing they would receive next business day onsite service with a live technician if their

5    computer developed a problem under their onsite warranties, including Extended Warranties,

6    and brand new, top quality replacement parts. Further, Dell misrepresented and deceived

7    customers into believing they would receive warranty repair the next business day after a

8    computer system was mailed to a Dell repair facility.

9    69.   Defendants knew at the time that they made their representations and omissions that they

10         were false. Nevertheless, they took advantage of Plaintiff's and plaintiff class members' lack

11         of knowledge by aggressively marketing their warranties and inducing Plaintiff and plaintiff

12         class members to purchase them. Defendants' unconscionable conduct continued even to

13         the time they actually provided Plaintiff and plaintiff class members with used replacement

14         parts or components under their onsite warranties. Along with the replacement part or

15         component, Defendants sent Plaintiff and plaintiff class members an invoice that lists the

16         cost of the part or component as if it were new, thereby effectively affirming that the

17         replacement part or component actually provided was in fact new, when it was not.

18   70.   Defendants also engaged in an unconscionable action or course of action by engaging in acts

19         or practices which, to Plaintiff's and plaintiff class members' detriment, resulted in a gross

20         disparity between the value received and the consideration paid for the warranties, including

21         Extended Warranties, since the warranties were represented as including the valuable rights

22         to next business day onsite or mail-in service and/or new replacement parts and components

23         but, in truth, did not actually include next business day onsite or mail-in service or new

24         replacement parts, and were therefore worth significantly less than the consideration paid.

25   71.   In doing the acts alleged above, Defendants also engaged in the following acts set forth in

26         Texas Business and Commerce Code section 17.46, among others, which provides in

27         pertinent part:

28              "(a)   False, misleading, or deceptive acts or practices in the conduct of any

20

Complaint

trade or commerce are hereby declared unlawful . . .

    (b)    Except as provided in Subsection (d) of this section, the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts: . . .

        (5)    representing that goods or services have . . . characteristics, . . . [or] benefits . . . which they do not have . . . ;

        (6)    representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

        (7)    representing that goods or services are of a particular standard, quality, or grade, . . . if they are of another; . . .

        (9)    advertising goods or services with intent not to sell them as advertised; . . .

        (12)    representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve . . . ; . . .

        (20)    representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve . . .

        (24)    failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed."

72.    Plaintiff and plaintiff class members relied on Defendants' conduct to their detriment.

73.    Plaintiff and plaintiff class members have sustained "economic damages" as defined in the DTPA as a result of Defendants' violation of the DTPA.

74.    Plaintiff and plaintiff class members are entitled to restitution of the money that Defendants acquired in violation of the DTPA.

75.    Defendants' conduct was committed "knowingly" as that term is defined in section 17.45(9) in that Defendants had actual awareness at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to Plaintiff's and plaintiff

class members' claims, or, with respect to Defendants' breach of express warranty, Defendants had an actual awareness of the act, practice, condition, defect, or failure constituting the breach of warranty.

76. Defendants' conduct was committed "intentionally" as that term is defined in section 17.45(13) in that Defendants had an actual awareness of the falsity, deception, or unfairness of the act or practice, or the condition, defect, or failure constituting a breach of warranty giving rise to the Plaintiff's and plaintiff class members' claims, coupled with the specific intent that the Plaintiff and plaintiff class members act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

77. Plaintiff and plaintiff class members are entitled to three times the amount of their economic damages pursuant to section 17.50(b)(1).

78. Plaintiff and plaintiff class members are entitled to injunctive and other appropriate relief as a result of Defendants' violation of section 17.50 of the Texas Business and Commerce Code, including without limitation, an order for restitution, attorney's fees and costs.

### Sixth Cause of Action for Fraud

**(Plaintiff and Plaintiff Class Members Against All Defendants)**

79. Plaintiff realleges paragraphs 1 through 22 and incorporates same by reference as though fully set forth herein.

80. At all times relevant hereto, Defendants Dell, BancTec and QualxServ have been or are the agents, partners and/or joint venturers of each other with respect to the representations attributed to them with regard to the onsite warranties, including the onsite Extended Warranties, and each acted for and on behalf of each other with actual and apparent authority to act, and did so within the course and scope of their partnership, joint venture, agency and/or authority. With regard to the specific representations attributed to them with regard to the onsite warranties, including the onsite Extended Warranties, each representation was made with the knowledge, consent, authorization, ratification and approval of each of the them. Further, these Defendants derived, accepted and retained monetary profits and benefits resulting from the transactions in which the representations were made.

22

Complaint

81.   Defendants Dell, BancTec and QualxServ made the following material representations to Plaintiff Pamela Alvarez and plaintiff class members in writing:

A.   That Defendants would provide next business day onsite warranty service by a live technician under the onsite warranties, including the onsite Extended Warranties. Dell made this representation on behalf of itself and the other Defendants on its Web site, mail order catalog, and sales documentation. Defendants also made this representation through, ostensibly, BancTec and/or QualxServ in a written warranty document. Defendants delivered this document to Plaintiff Alvarez and plaintiff class members at or around the time their computers were delivered.

B.   That Defendants would provide onsite warranty service to fix computer problems even if a part did not need to be replaced under the onsite warranties, including the onsite Extended Warranties. Dell made this warranty on behalf of itself and the other Defendants on its Web site, mail order catalog, and sales documentation. Defendants also made this representation through, ostensibly, BancTec and/or QualxServ in a written warranty document. Defendants delivered this warranty document to Plaintiff Alvarez and plaintiff class members at or around the time their computers were delivered.

C.   That Defendants would use only top quality replacement parts and components for warranty repairs under the onsite warranties, including the onsite Extended Warranties. Dell made this representation on behalf of itself and the other Defendants on its Web site and mail order catalog.

D.   That Defendants would use new replacement parts and components for warranty repairs under the onsite warranties, including the onsite Extended Warranties. Dell made this representation on behalf of itself and the other Defendants in its sales documentation, and on its Web site and mail order catalog through the presentation of a customer testimonial that stated as follows: "I called your service number as I was having a problem with my keyboard .... almost exactly 24 hours later a *new* keyboard was delivered to my door." (Emphasis added.)

23

1        E.    That the parts and components Plaintiff and plaintiff class members received as

2                replacement parts and components under the onsite warranties, including the onsite

3                Extended Warranties, were new. Dell made this representation on behalf of itself and

4                the other Defendants through the invoice that was sent to Plaintiff and subclass

5                members at or around the time the replacement part and component was delivered

6                that listed the value of the part or component as new.

7  82.    Defendants made substantially the same representations to Plaintiff Alvarez and each

8         plaintiff class member. Representations "A" through "D" above were first communicated

9         to Plaintiff Alvarez and plaintiff class members at or around the time they received their

10        onsite warranties, including the onsite Extended Warranties. Representation "E" was

11        communicated to Plaintiff and plaintiff subclass members at or around the time they received

12        their replacement part or component.

13 83.    Defendant Dell made the following material representation to plaintiff class members in a

14        written warranty document: That Dell would provide repair or replacement service one

15        business day after receipt of a system mailed to its repair facility. Dell made substantially

16        the same representation to all plaintiff class members with mail-in warranties. Such

17        representation was communicated to plaintiff class members at or around the time they

18        purchased their computers.

19 84.    All of the foregoing representations were false. In truth, Defendants did not provide Plaintiff

20        Alvarez and plaintiff class members with next business day onsite warranty repair service

21        with a live technician under the onsite warranties, including the onsite Extended Warranties,

22        nor did Defendants provide onsite service for a computer problem that did not involve a

23        replacement part. In addition, Defendants did not provide top quality, new replacement parts

24        and components under their onsite warranties, including the onsite Extended Warranties.

25        The replacement parts and components Defendants did provide were recycled and used, and

26        were not of the same condition, durability, quality and value as top quality, new parts and

27        components. Furthermore, Dell did not provide repair or replacement service one business

28        day after a system was mailed to its repair facility under the mail-in warranties, including the

24

1  mail-in Extended Warranties.

2  85. At the time these representations were made, Defendants, and each of them, knew them to

3  be false. Defendants, and each of them, made these representations with the intention to

4  deceive and defraud Plaintiff and plaintiff class members, and to induce them to act in

5  reliance on these representations by purchasing their computers/warranties and or Extended

6  Warranties.

7  86. Plaintiff and plaintiff class members were ignorant of the falsity of Defendants'

8  representations at the time they were made and at the time plaintiff and plaintiff class

9  members purchased their computers/warranties and/or Extended Warranties, and believed

10 them to be true. In reliance on these representations, Plaintiff and plaintiff class members

11 were induced to and did purchase the computers/warranties and/or Extended Warranties to

12 their detriment. Had Plaintiff and plaintiff class members known the true facts, they would

13 not have taken such action. Plaintiff's and plaintiff class members' reliance on Defendants'

14 representations was justified because Defendants were the ones offering the warranties and

15 Extended Warranties for sale, and possessed superior knowledge of the facts as they were

16 peculiarly within the knowledge of Defendants.

17 87. Defendants made substantially the same representations to all plaintiff class members who

18 received an onsite warranty, including the onsite Extended Warranty, and Dell made

19 substantially the same representations to all plaintiff class members who received a mail-in

20 warranty, including the mail-in Extended Warranty. Because the representations were

21 material, reliance and justification for the reliance may be inferred or presumed on a class-

22 wide basis for Plaintiff and all plaintiff class members.

23 88. As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and plaintiff class

24 members have suffered damages.

25 89. The foregoing conduct of Defendants (i) constituted an intentional misrepresentation, deceit,

26 or concealment of a material fact known to the Defendants with the intention on the part of

27 Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal

28 rights or otherwise causing Plaintiff and plaintiff class members injury; (ii) was intended by

25

1    Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct

2    that was carried on by Defendants with a willful and conscious disregard of the rights or

3    safety of others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff class

4    members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff class

5    members' rights so as to justify an award of punitive damages against Defendants.

### Seventh Cause of Action for Fraud by Nondisclosure

### (Plaintiff and Plaintiff Class Members Against All Defendants)

90.   Plaintiff realleges paragraphs 1 through 22, and 80 through 83, and incorporates same by

reference as though fully set forth herein.

91.   Defendants intentionally failed and omitted to disclose to Plaintiff Alvarez and plaintiff class

members that they do not provide next business day onsite warranty repair service; that they

do not provide onsite warranty repair service for a computer problem that did not involve

a replacement part; and that they used recycled and used replacement parts under the

onsite warranties, including the onsite Extended Warranties. Further, Dell intentionally

failed and omitted to disclose to plaintiff class members that it did not provide repair or

replacement service one business day after receipt of a system at its repair facility under its

mail-in warranties, including the mail-in Extended Warranties. These material facts were

known to Defendants, and each of them, at all times herein mentioned.

92.   Defendants had a duty to Plaintiff and plaintiff class members to fully disclose in a clear and

conspicuous manner the true facts.

93.   Defendants' representations, when coupled with Defendants' omissions, were false and

misleading. Defendants intentionally omitted and failed to disclose these facts to Plaintiff

and plaintiff class members to induce and deceive Plaintiff and plaintiff class members into

purchasing their computers/warranties and/or Extended Warranties.

94.   Plaintiff and plaintiff class members were ignorant of the falsity of Defendants'

representations at the time they were made and at the time they purchased their

computers/warranties and/or Extended Warranties, and believed them to be true. In reliance

on these representations, Plaintiff and plaintiff class members were induced to and did

26

1  purchase the computers/warranties and/or Extended Warranties to their detriment. Had

2  Plaintiff and plaintiff class members known the true facts, they would not have taken such

3  action. Plaintiff's and plaintiff class members' reliance on Defendants' representations was

4  justified because Defendants were the ones offering the warranties and Extended Warranties

5  for sale, and possessed superior knowledge of the facts as they were peculiarly within the

6  knowledge of Defendants.

7  95.  Because these omissions were uniformly kept from Plaintiff and plaintiff class members and

8  because they were material omissions, reliance and justification for the reliance may be

9  inferred or presumed on a class-wide basis for Plaintiff and all plaintiff class members

10 96.  As a result of Defendants' fraudulent conduct as alleged above, Plaintiff and plaintiff class

11 members have suffered damages.

12 97.  The foregoing conduct of Defendants (i) constituted an intentional misrepresentation, deceit,

13 or concealment of a material fact known to the Defendants with the intention on the part of

14 Defendants of thereby depriving Plaintiff and plaintiff class members of property or legal

15 rights or otherwise causing Plaintiff and plaintiff class members injury; (ii) was intended by

16 Defendants to cause injury to Plaintiff and plaintiff class members or was despicable conduct

17 that was carried on by Defendants with a willful and conscious disregard of the rights or

18 safety of others; and/or (iii) was despicable conduct that subjected Plaintiff and plaintiff class

19 members to cruel and unjust hardship in conscious disregard of Plaintiff's and plaintiff class

20 members' rights so as to justify an award of punitive damages against Defendants.

21 **Eighth Cause of Action for Restitution for Unjust Enrichment**

22 **(Plaintiff and Plaintiff Class Members Against All Defendants)**

23 98.  Plaintiff realleges paragraphs 1 through 97 and incorporates same by reference as though

24 fully set forth herein.

25 99.  As a result of Defendants' wrongful actions as alleged above, Defendants obtained benefits

26 that are unjust for them to retain.

27 100.  Plaintiff and plaintiff class members are entitled to restitution of such benefits in an amount

28 to be determined at trial.

27

## Ninth Cause of Action for Declaratory Relief

### (Plaintiff and Plaintiff Class Members Against All Defendants)

101. Plaintiff realleges paragraphs 1 through 100 and incorporates same by reference as though fully set forth herein.

102. An actual controversy has arisen between Plaintiff and plaintiff class members and Defendants regarding Defendants' obligations to Plaintiff and plaintiff class members under the warranties, including Extended Warranties, and claims alleged above. In addition, an actual controversy has arisen between Plaintiff and plaintiff class members and Defendants regarding whether the claims in issue are arbitrable. Plaintiff and plaintiff class members contend that the claims in issue are not arbitrable which, Plaintiff is informed and believes and alleges thereon, defendants dispute.

103. A judicial declaration of the parties' respective rights and obligations is necessary in order to resolve this dispute.

104. Plaintiff and plaintiff class members are entitled to a declaration of rights and a permanent injunction. Unless a declaration of rights and a permanent injunction are issued requiring Defendants to provide next business day service under the warranties, including the Extended Warranties, and new replacement parts and components, Plaintiff and plaintiff class members will not receive the benefit of the bargain, will have no effective means to learn about the practices and policies of Defendants, Defendants will continue to engage in their improper conduct, and will otherwise continue to engage in the wrongful acts alleged above.

105. Further, Plaintiff and plaintiff class members are entitled to a declaration of rights that the claims in issue are not arbitrable.

**WHEREFORE,** Plaintiff request the following relief, on her own behalf and on behalf of the class:

1. An order confirming that this action is properly maintainable as a class action and appointing Plaintiff and their counsel to represent the class.

2. An award of compensatory damages and all monetary relief authorized by law or referenced in the Complaint, including punitive and exemplary damages.

28

3. An Order declaring the rights of the class and the obligations of Defendants.

4. An Order enjoining Defendants from using used replacement components, and from engaging in unfair or deceptive acts or practices set forth in or related to the allegations in the Complaint.

5. An Order requiring Defendants to replace Plaintiff's and plaintiff class members' components with new rather than used replacement components, to meaningfully and effectively disclose their past policy and practice of using inferior, used replacement components, to fully remedy these past acts or practices, and to cease and desist from making any false, deceptive, or misleading representations or omissions about their warranties, including the Extended Warranties, to Plaintiff and to plaintiff class members.

6. Restitution of amounts wrongfully obtained.

7. An award of prejudgment interest and post-judgment interest.

8. An award providing for payment of costs of suit, including payment of experts' fees and expenses.

9. An award of reasonable attorney's fees.

10. Such other and further relief as this Court may deem proper and just.

Dated: July 27, 2004                    RANDALL S. ROTHSCHILD, APC


                                        By: RANDALL S. ROTHSCHILD
                                             Attorneys for Plaintiff

Complaint