1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9  DELL INC., et al.,

10          Petitioners,                          No. C 06-05928 JSW

11    v.

12  PAMELA F. ALVAREZ,                   **ORDER GRANTING MOTION TO DISMISS**

13          Respondent.

14  _____/

15          Now before the Court is the motion to dismiss filed by respondent Pamela F. Alvarez

16  ("Alvarez").  Having carefully reviewed the parties' papers and the relevant legal authority, the

17  Court hereby GRANTS the motion.

18                              **BACKGROUND**

19          In 2004, Alvarez filed a class action in the Superior Court for the County of Mendocino

20  against petitioners Dell Inc., Dell Catalog Sales, L.P., and Dell Products, L.P. (collectively,

21  "Dell"), Qualxserv, Inc., and Bantec, Inc.  (Alvarez's Request for Judicial Notice ("RJN"), Ex.

22  A.)[1]  Alvarez's state court complaint is a consumer action based on Dell, Qualxserv, and

23  Bantec's alleged deceptive warranty practices.  The alleged practices include selling consumers

24  computers with "next business day onsite repair and parts" warranties but failing to provide

25  such services.  (*Id.*, Ex. A.)  In September 2004, Dell, Qualxserv, and Bantec moved to compel

26  arbitration in the underlying state court class action, which the state court granted.  (*Id.*, Exs. C,

27  D.)  Alvarez sought and was granted leave to file an amended class action complaint in the state

28  court action.  (*Id.*, Ex. E.)  In September 2006, Alvarez filed an amended complaint, adding

_____

[1] The Court grants Alvarez's request for judicial notice.  *See* Fed. R. Evid. 201.

United States District Court
For the Northern District of California

California statutory claims based on the same set of facts.  (*Id*., Ex. F.)  Dell, Qualxserv, and Bantec then filed separate petitions in this Court to compel arbitration of the claims asserted in Alvarez's state court class action.  Alvarez now moves to dismiss the petition filed by Dell, *inter alia*, for lack of jurisdiction.

## ANALYSIS

### A.      Legal Standards Applicable to Alvarez's Motion to Dismiss.

Federal courts have limited jurisdiction.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate:  those cases involving diversity of citizenship, or a federal question, or those cases to which the United States is a party.  *See, e.g.*, *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).  This Court has original subject matter jurisdiction in diversity cases where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.  28 U.S.C. § 1332.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Kokkonen*, 511 U.S. at 377.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004.) Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her.  *Federation of African Amer. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  If the jurisdictional attack is "factual," a defendant may rely on affidavits or other evidence that would be properly before the Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect to the allegations in the complaint.  Rather, he or she must come forward with evidence establishing jurisdiction.  *Thornhill Publ'n Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

*United States District Court*
For the Northern District of California

2

**United States District Court**
For the Northern District of California

1

      **B.**    **Alvarez's Motion to Dismiss.**

2           Dell contends this Court has jurisdiction based on diversity pursuant to 28 U.S.C. §

3   1332. Alvarez does not dispute there is complete diversity between the parties, but rather,

4   argues that the amount in controversy does not exceed $75,000. In support of its position that

5   the amount in controversy exceeds the jurisdictional amount, Dell solely relies on the cost it

6   would incur if it were required to comply with the injunction sought by Alvarez in the

7   underlying state court class action.

8           Dell argues that the amount in controversy may be measured based on the cost to a

9   defendant in implementing requested injunctive relief. Dell is incorrect. Although the

10  detriment to a defendant may be considered in a single-plaintiff cases, the Ninth Circuit has

11  made explicitly clear that the "either viewpoint" rule does not apply to class actions. *Snow v.*

12  *Ford Motor Co,*, 561 F.2d 787, 790 (9th Cir. 1977); *In re Ford Motor Co./Citibank (North*

13  *Dakota), N.A.,*, 264 F.3d 952, 958 (9th Cir. 2001); *see also Surber v. Reliance Nat'l Indem. Co.,*

14  110 F.Supp.2d 1227, 1233 (N.D.Cal.2000) ("[I]n class suits, courts should not consider the cost

15  to defendant of complying with a potential injunction."). As the Ninth Circuit explained, if the

16  total detriment to a defendant could be considered, "plaintiffs with minimal damages could

17  dodge the non-aggregation rule by praying for an injunction." *In re Ford Motor*, 264 F.3d at

18  959 (quoting *Snow*, 561 F.2d at 791.) The court in *In re Ford* "recognized that 'total detriment

19  is basically the same thing as aggregation,' and that 'where the equitable relief sought is but a

20  means through which the individual claims may be satisfied, the ban on aggregation applies

21  with equal force to the equitable as well as the monetary relief.'" *Id*. (quoting *Snow*, 561 F.2d at

22  790). Here, the equitable relief sought by Alvarez is just one of the means through which the

23  individual claims may be satisfied.

24         Dell's argument that the cost of implementing the requested injunctive relief – to revise,

25  print and distribute new marketing and advertising material – would exceed $75,000 even if it

26  were done in favor of Alvarez alone and, thus, may be considered to satisfy the jurisdictional

27  amount, is unavailing. The Ninth Circuit, in the case Dell relies on heavily, rejected this same

28  argument. *See In re Ford Motor*, 264 F.3d at 960-61. The court reasoned that such an

3

**United States District Court**
For the Northern District of California

1   argument was "fundamentally violative of the principle underlying the jurisdictional amount

2   requirement – to keep small diversity suits out of federal court.  If ... the administrative costs of

3   complying with an injunction were permitted to count as the amount in controversy, then every

4   case, however trivial, against a large company would cross the threshold."  *Id*. at 961 (internal

5   quotes and citation omitted).

6          Nor does Dell's argument that the class members have a "common and undivided

7   interest" fare any better.  Their claims do not involve "a single indivisible res, such as an estate,

8   a piece of property (the classic example), or an insurance policy."  *In re Ford Motor*, 264 F.3d

9   at 959.  Because the claims at issue do not involve a "single indivisible res" and "could be

10  adjudicated on an individual basis," it is clear that Alvarez and the putative class members do

11  not have a common and undivided interest.  *Id*.  Each putative class member purchased their

12  computers individually, not as a group.  Thus, as the court found significant in *In re Ford*

13  *Motor*, "prior to litigation, they shared no common interest."  *Id*. at 960.  Dell's reliance on

14  *Loizon v. SMH Societe Suisse de Microelectronics*, 950 F. Supp. 250 (N.D. Ill. 1996), for the

15  proposition that class members have a common and undivided interest where the injunctive

16  relief requested would benefit the putative class as a whole, is misplaced.  The Ninth Circuit

17  specifically rejected the holding in *Loizon*.  *See In re Ford Motor*, 264 F.3d at 960 ("We are

18  foreclosed from adopting *Loizon* because our decision in *Snow* tells us that 'the proper focus ...

19  is not ... the type of relief requested, but rather ... the nature and value of the right asserted')

20  (quoting *Snow*, 561 F.2d at 790).  Accordingly, the Court finds that the amount in controversy

21  requirement cannot be met by the amount Dell would have to pay to change its marketing and

22  advertising materials in order to comply with an injunction.

23          Because the cost of complying with the requested injunction is the only basis upon

24  which Dell relies to demonstrate the jurisdictional amount has been satisfied, Dell fails to

25  demonstrate subject matter jurisdiction exists.[2]  Accordingly, Alvarez's motion to dismiss is

26  granted.

27  ───────────────

28          [2] Because the Court finds that Dell has failed to demonstrate that the amount in
    controversy exceeds $75,000, the Court need not address Alvarez's additional asserted bases
    for dismissal.

**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Alvarez's motion to dismiss this action for lack of subject matter jurisdiction.[3]

**IT IS SO ORDERED.**

Dated: February 23, 2007

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court has ordered that the case be dismissed, Dell's motion to compel arbitration is moot and need not be addressed.